### 3959. NORMAN *v.* THE STATE.

"There are no words plainer than 'reasonable doubt,' and none so exact to the idea meant." The expressions, "reasonable and moral certainty," and "to the exclusion of a reasonable hypothesis," may be logically the equivalent of "beyond a reasonable doubt," but are not so easily understood by the ordinary lay mind. In every criminal case the court should charge the jury that to authorize conviction, guilt must be proved "beyond a reasonable doubt;" and, unless the evidence demands the verdict rendered, the failure to do so will be reversible error.

DECIDED MARCH 19, 1912.

Indictment for larceny; from Colquitt superior court—Judge Thomas. December 16, 1911.

*W. A. Covington, James Humphreys,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

HILL, C. J. Albert Norman was convicted of simple larceny, and his motion for a new trial was overruled. The evidence, though not conclusive, was sufficient to support the verdict. Only one assignment of error contains merit. The trial judge failed to instruct the jury on the doctrine of "reasonable doubt." This doctrine is so thoroughly imbedded in the jurisprudence of our country, and in a

close case is so valuable to the accused, that the omission to give it in charge must be deemed hurtful. It is claimed by the State that the judge did substantially charge the rule. He charged as follows: "The defendant is presumed by law to be innocent, and that presumption remains with him until his guilt is established by testimony, to the exclusion of any other reasonable hypothesis." It is insisted that the language "reasonable hypothesis" is not the equivalent of "reasonable doubt;" that the expression "reasonable hypothesis" was not given in connection with the law as to reasonable doubt, was not explained to the jury, and its meaning was not easily apparent or comprehensible to the lay mind; in other words, that the ordinary juror would understand what was meant by the words "beyond a reasonable doubt," and might not understand what was meant by the words "to the exclusion of any other reasonable hypothesis." On this subject the court charged further: "Moral and reasonable certainty is all that can be attained in legal investigation. In civil cases a preponderance of the testimony is sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is necessary to justify a verdict of guilty. The true question in criminal cases is, not whether the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience of the jury of the guilt of the defendant, and, in cases of circumstantial evidence, to the exclusion of every other reasonable hypothesis save the guilt of the defendant." Are these excerpts, on the subject of the degree of mental conviction necessary to warrant a verdict of guilty, equivalent to the law which declares that, "whether the defendant relies upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt?" Penal Code (1910), § 1013. It has been held that the term "moral certainty" is equivalent to the words "beyond a reasonable doubt." *Austin* v. *State, 6 Ga. App.* 211 (64 S. E. 670); *Bone* v. *State,* 102 *Ga.* 391, and citations. In the *Bone* case it is said: "It is difficult to conceive how the mind of a juror may reach a conclusion as to a fact to the point of moral certainty, and yet be rendered uncertain by the existence of a doubt of that fact which is reason-

able." In that case the complaint was not as to the failure to charge the law of reasonable doubt, but as to the judge's addition, to a correct instruction on that subject, of the words: "the jury must be satisfied of guilt to a moral and reasonable certainty;" it being insisted that these last words qualified or modified the strength of mental conviction required by the words "beyond a reasonable doubt." The court held that the use of both expressions in the same connection was "intended to convey to the jury the idea that the reasonable and moral certainty of guilt to which [the judge] referred was mental conviction excluding any reasonable doubt of guilt," and, so considered, the charge was not erroneous. It is fair to infer from this decision that if the court had not used the words "beyond a reasonable doubt," but only the words "to a moral and reasonable certainty," the charge would have been held erroneous. See *Davis* v. *State,* 114 *Ga.* 104 (39 S. E. 906); *Robinson* v. *State,* 128 *Ga.* 258 (57 S. E. 315). In the case sub judice the presiding judge did not use the words "beyond a reasonable doubt;" he used the expressions, "to the exclusion of any other reasonable hypothesis save the guilt of the defendant," and "establish guilt to a moral and reasonable certainty." It may be conceded that these expressions are logically and legally the equivalents of "beyond a reasonable doubt;" and, if the jury was composed of erudite men familiar with legal or logical terminology, either might be used to express the degree of mental conviction necessary to convict of crime. But we venture to say that the expression "reasonable hypothesis" would convey no very definite idea to the mind of those ordinarily selected as jurors, and the words "moral and reasonable certainty" would be little more illuminating. The words "beyond a reasonable doubt" are easily understood by every man. They require no definition. Indeed, attempts to define them are generally neither helpful nor accurate. As justly said by Bishop: "There are no words plainer than 'reasonable doubt,' and none so exact to the idea meant." 1 Bishop's New Criminal Procedure, § 1094. Learned counsel for the plaintiff in error insist that no conviction in Georgia has been allowed to stand when the expression "reasonable doubt" does not occur in simple terms in the charge of the court. So far as our research goes we have not found a criminal case where the jury was not instructed that they must be con-

vinced of guilt beyond a reasonable doubt before they could convict; and possibly the doctrine is so elementary and well known that the jury would be guided by it even without instructions. But so valuable to human liberty is the rule of "reasonable doubt" that this court is unwilling to accept for it any equivalent.

*Judgment reversed.*