*McElreath & Scott,* contra.

---

17636.    SCOTT *v.* GIDELIGHT MANUFACTURING COMPANY.

STEPHENS, J. 1. "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally speaks from his recollection thus refreshed, or is willing to swear

Appeal and Error, 4 C. J. p. 975, n. 88.

Partnership, 30 Cyc. p. 411, n. 97.

Trial, 38 Cyc. p. 1393, n. 39; p. 1400, n. 91; p. 1518, n. 69; p. 1703, n. 75; p. 1704, n. 76; p. 1724, n. 88; p. 1727, n. 28.

Witnesses, 40 Cyc. p. 2448, n. 70; p. 2451, n. 89; p. 2452, n. 98; p. 2453, n. 2; p. 2454, n. 4; p. 2465, n. 75.

positively from the paper." Civil Code (1910), § 5873. Where the witness testified that he had an interview with one of the defendants, and that immediately afterwards he reduced the interview to writing, and where, with the written memorandum before him to refresh his recollection, he testified as follows, he spoke from his recollection as thus refreshed: "He claimed to be a partner . . I don't recall his exact words, except that he admitted being a partner in the Standard Specialties Company. . . From referring to that report and refreshing my memory, I say that Mr. Scott claimed to be a partner in the business. From refreshing my memory, that first sentence in the report expresses the truth, so far as I know." This is true although the witness may have further testified that as to whether or not he had any independent recollection outside of the report he would not be positive, that only from the report did he know that the defendant told him that the defendant was a member of the partnership. The testimony of the witness was admissible, under section 5873 of the Civil Code (1910), and its probative value was for the jury.

2. Where only that part of this memorandum used by the witness to refresh his recollection which contained the statement made by the defendant with reference to the partnership was admitted in evidence at the instance of the party who offered the witness, over objection urged by the opposite party that it was inadmissible, the putting in evidence later by the latter party of the remainder of the memorandum amounted to a waiver of the objection urged by him to the admission of that part of the memorandum with reference to the partnership. Stephens, J., dissenting.

3. Section 5873 of the Civil Code (1910), quoted above, prescribes a rule as to the admissibility of testimony, and not a rule for the determination of its probative value. It was not error to fail to give this section or the substance thereof in charge to the jury.

4. In a suit brought jointly against a partnership and the individual members thereof to recover for goods alleged to have been sold and delivered to the partnership by the plaintiff, where one of the defendants files a plea denying the indebtedness and also files a plea of no partnership, telegrams filed in the office of a telegraph company, directed to the plaintiff and signed in the name of the partnership ordering the goods sued for, copies of which had been received by the plaintiff, where the execution by the partnership, or by some one with its authority, was not proved, were improperly admitted in evidence over objection. But since there were admitted in evidence, without objection, certain express and parcel-post receipts purporting to be signed by the defendant partnership, acknowledging receipt by the partnership of the goods ordered and referred to in the telegrams and shipped by the plaintiff to the partnership, the error in admitting in evidence the telegrams was cured.

5. "In a case where the admissions of a defendant who has filed a plea of no partnership are offered in evidence against him, it is error for the court to refuse a timely written request to charge the jury that admissions should be scanned with care." *Mims* v. *Brook*, 3 *Ga. App.*

16

247 (3) (59 S. E. 711). This error requires the grant of a new trial.

6. Since, as respects the defendant filing a plea of no partnership, there is evidence tending to establish his membership in the partnership, a letterhead of the partnership, containing the defendant's name thereon as a partner, which was used by the alleged copartner in the name of the partnership in correspondence with the plaintiff prior to the shipment to the partnership of the goods sued for, was properly admitted in evidence as a circumstance tending to establish the defendant's membership in the partnership; and the court did not err in instructing the jury that letterheads could be considered upon the question as to whether or not the defendant filing the plea of no partnership was in fact a member of the defendant partnership, or whether he held himself out to the plaintiff as a member of the partnership. *Mims* v. *Brook*, supra.

7. The charge of the court as to what constitutes partnership, and also as to the liability of an ostensible partner, correctly stated the law and was adjusted to the evidence.

        *Judgement reversed. Jenkins, P. J., and Bell, J., concur.*

        DECIDED SEPTEMBER 30, 1927.

Complaint; from Fulton superior court—Judge E. D. Thomas. July 27, 1926.

*Dorsey, Howell & Heyman, Charles G. Reynolds,* for plaintiff in error.

*Wright, Cox & Johnson, A. W. Long,* contra.