YOPP *v.* THE STATE.

No. 8917. August 10, 1932.

*Charles E. Baggett,* for plaintiff in error.

*George M. Napier, attorney-general, Fred Kea, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

Beck, P. J. Ashley, alias Julian, Yopp was indicted for the offense of murder. Upon the trial of the case the jury returned a verdict of guilty, with a recommendation to the mercy of the court. The accused made a motion for a new trial, which was overruled, and he excepted.

The original motion for a new trial consists of the usual general grounds. An amendment to the motion was filed, containing grounds numbered 1 to 13. The first ten grounds and the 13th ground are clearly mere elaborations of the general grounds that the verdict and judgment are contrary to law and the evidence, and without evidence to support them, though reference is made to certain phases of the evidence to show why the verdict is contrary to the evidence and without evidence to support it. The 11th and 12th grounds are also elaborations of the general grounds. In the 11th ground it is alleged and contended that "the verdict and judgment of murder in this case is contrary to law and the evidence, and without evidence to support it, for the reason that the court failed to charge the law with respect to construing the evidence of the State, where two separate and distinct theories of the location or situs of the homicide occurred, and where one line of the State's testimony was an impeachment and disprobation of the other upon which the State, the court, and jury relied for conviction, the court only charging as follows: 'You are the exclusive judges of the

credibility of the witnesses; and in determining their worthiness or belief, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts about which they testify, the nature of the facts to which they testify, their interest or want of interest in the case, the probability or improbability of their testimony, and also their personal credibility so far as the same may legitimately appear from the trial of the case.'" As we have said, this ground of the motion should be treated as an elaboration of the general ground; but if it be treated as an exception to the charge, it is manifestly without merit; and if counsel for movant desired fuller instructions, he should have offered a timely written request. In the same ground it is further contended that the court should have charged, in substance: "While the jury are the judges of the law and the facts, all evidence of the State should be construed most strongly against the State; all evidence of the defendant should likewise be construed most strongly against the defendant; if the State showed two locations or places of the homicide, or two separate and distinct theories of the location or place of the homicide, the State's evidence should have been construed most strongly against the State and most favorably to the defendant, and the defendant should have been given the benefit of the doubt." The failure of the court to give the charge as set forth was not error requiring the grant of a new trial. If the defendant desired a charge of the law applicable to the evidence tending to show the place or location at which the crime was committed, a proper written request should have been made. The court's charge as given covered sufficiently the issues made in the case by the indictment and the plea of not guilty. There were some conflicts in the testimony of the various witnesses for the State as to the exact place or location at which the homicide was committed; but the court was not bound to charge upon this particular part of the testimony, unless requested in writing to do so, there being no question as to venue. And the 12th ground of the motion is disposed of upon the reasons stated for overruling the 11th ground.

The evidence in the case authorized the verdict of guilty, and the judgment of the court is        *Affirmed. All the Justices concur.*