## 29382. KINES v. THE STATE.

GARDNER, J. 1. The Code, § 38-1707, providing that "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper," prescribes a rule of admissibility of the testimony, and not that of determination of its probative value. *Scott* v. *Gidelight Manufacturing Co.*, 37 *Ga. App.* 240 (3) (139 S. E. 686). In the absence of a timely objection to the admissibility of the testimony in question, complained of as being "read" from the memorandum of the witness, this assignment of error presents no question for consideration.

2. The court should rule on a timely objection or motion made by counsel; and upon counsel clearly and unequivocally invoking the ruling, such failure to rule on such timely objection is a basis for review. It does not follow, however, that a reversal results. The legal effect of remaining silent and making no ruling of any kind is a denial of the objection or motion. *Lynn* v. *State*, 140 *Ga.* 387 (8) (79 S. E. 29); *Heinz* v. *Backus*, 34 *Ga. App.* 203 (2-*b*) (12 S. E. 915); *Heath* v. *Atlanta*, 67 *Ga. App.* 85 (19 S. E. 2d, 746).

3. The court has wide latitude in determining when a witness has or has not answered a question propounded to him. Under the facts of this case the court did not err in ruling that the witness had answered the defendant's question when the witness finally testified that while he could not positively identify a certain bag containing lottery tickets as the one he had seen on the defendant's back while the defendant was in flight, the bag subsequently recovered a few seconds later near where the defendant was arrested looked like the one the witness had seen on the defendant's back.

4. In view of the testimony of the witness as indicated next above, the assignment of error which complains that, before the bag and its contents could be admitted in evidence, it must be shown *conclusively* that they had been in the possession of the defendant is without merit.

5. While the charge to the jury, when taken alone, that "in law the defendant is presumed to be innocent and until and unless the evidence satisfies your mind beyond a reasonable doubt of his guilt" may merit some criticism, yet, in the absence of a timely written request, it was not error.

6. The next two assignments of error present the questions whether the court erred in failing to charge the jury (a) that the burden was on the State to produce sufficient proof to satisfy the jury of the defendant's guilt beyond a reasonable doubt (*Norman* v. *State*, 10 *Ga. App.* 802, 74 S. E. 428), and (b) in failing to give the definition of reasonable doubt. *Held:* (a) Under the line of decisions of this court, citing *Norman* v. *State*, supra, and the charge of the court taken as a whole, which inferably presented the question, the court, in the absence of a timely written request, sufficiently covered this question and committed no error. (b) In the absence of a timely written request the court did not err in failing to define the term "reasonable doubt." *Yopp* v. *State*, 175 *Ga.* 314 (2) (165 S. E. 29).

7. The evidence amply supported the verdict. The court did not err in dismissing the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 21, 1942. REHEARING DENIED MAY 6, 1942.

H. A. Allen, Gertrude Harris, for plaintiff in error.

Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.