30913. CAIN *v.* THE STATE.

DECIDED JUNE 29, 1945. REHEARING DENIED JULY 25, 1945.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted in the criminal court of Fulton County on an accusation containing two counts. The first count was for exceeding the speed limit, and the second for operating his automobile on the left-hand side of the road in the direction in which he was going, in rounding a curve at an unlawful rate of speed. The violations were alleged to have occurred on the Campbellton Road in Fulton County. At the point on the road where the violations were alleged to have occurred the county commissioners of roads and revenues of Fulton County had, by virtue of authority delegated by the legislature (Ga. L. 1937, p. 780; Ga. L. 1941, p. 422), fixed the maximum speed limit at 35 miles per hour. The officers testified that they met the defendant at a curve on said road, and that he was operating his passenger motor vehicle at 70 to 75 miles per hour; that when he rounded the curve he was on the left-hand side of the road in the direction in which he was going; that the officers had to "take to the side of the road to prevent him from hitting us. We had to pull our car off of the side of the road to keep him from running into us." After this the officers reversed their course and overtook the defendant about four miles distant, where he stopped his car at a filling station. When arrested, the defendant, so says the officer, "talked quite a bit, and he made the statement that at that time he had been driving too fast and had had a few drinks." The defendant denied the charges in toto.

■ The evidence authorized the conviction of the defendant.

■ Special ground e complains of the failure to instruct the jury as to the following portion of section 68-301 of the Code: "No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever." To have charged this portion of that section would have been error. *Carter* v. *State,* 12 *Ga. App.* 430 (78 S. E. 205).

■ Special grounds f, g, and h: These assignments of error are based upon Count 2 of the accusation, which reads as follows: "I, George A. Carter . . charge and accuse Bill Cain, of the county and . . State aforesaid, with the offense of misdemeanor, for the said Bill Cain in the county aforesaid on the 2d day of July, 1944, did drive a motor vehicle upon Campbellton Road, a public highway of said State and county, in such a manner as to be in wilful and wanton disregard of the safety of persons and property on said highway at said time and place, to wit: by driving on wrong side of said highway, going south on said highway, at a high rate of speed on a curve." The errors assigned are: (f) Because the court failed to give the jury a rule to guide them in their deliberations as to what constituted "reckless driving, and in driving a vehicle in wilful and wanton disregard of the safety of persons and property on said highway." And (g) because the evidence demanded some standard by which the jury was to determine whether the petition alleged a violation of the motor-vehicle law. (h) Because they were entitled to know what constituted reckless and wanton and wilful driving in disregard to the property and rights of others along said highway at said time and place. In the court's instruction to the jury he read the accusation to the jury and then instructed the jury further on in his charge that if the jury should believe beyond a reasonable doubt that the defendant did operate his motor vehicle on the occasion in question in such manner as to be in wilful and wanton disregard of the safety of persons and property on said highway at said time and place, "by driving on the wrong side of said highway going south at a high rate of speed on curves as charged in count 2 of

the accusation that they would be authorized to convict him." It would seem that this charge, construed in the light of the allegations of the accusation, gave the jury a sufficient standard to guide them. As a matter of law the defendant had no right to operate his car around a curve on the left-hand side in the direction in which he was going, and it was criminal for him to do so. Code section 68-303, subsection e, reads: "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." This is true regardless of his speed. The evidence does show, however, that the defendant on the occasion in question was operating his car around an abrupt curve at 70 or 75 miles per hour in wilful and wanton disregard of the safety of other persons and their property. It may not have been necessary for the State to have alleged anything except that the defendant was rounding the curve on the wrong side of the road. But the State did allege additional facts and the evidence overwhelmingly sustains the allegation. In other words, the State undertook to and did carry a burden much greater than the law required. The defendant has no right to complain of this. If the defendant desired the court to give more specific instructions to the jury he should have requested it in the manner provided by law. *Jones* v. *State*, 70 *Ga. App.* 431, 446 (23 S. E. 2d, 373).

■ Special ground i: The court charged the jury: "In law, the defendant is presumed to be innocent until and unless the evidence satisfies your minds beyond a reasonable doubt as to his guilt, and you gentlemen are the exclusive judges as to the credibility of the witnesses who have testified in this case." Error is assigned on this charge: (1) That it confused and misled the jury and was not an accurate statement of the law; that it embodied two distinct matters and that it was incomplete and incorrect as to both; that it had the effect of leading the jury to believe that the defendant was favored with a presumption of innocence but that such favor was dispelled by evidence for the State tending to establish his guilt; and therefore it was necessary that the defendant introduce testimony; that it misled the jury to believe that the presumption of innocence was but a prima facie presumption and not a presumption which remained throughout the trial; that the charge as to the credibility of witnesses misled the jury to the

736

effect that if the witnesses for the State testified correctly that the presumption in favor of the defendant was a fiction and that the presumption of innocence "was merely an outgrown and obsolete maxim of law." (2) That the court failed to charge more specifically and in detail as to the presumption of innocence. (3) In failing to charge more fully and specifically as to the burden of proof. In the absence of a request for more specific instructions, these assignments of error are without merit. *Kines* v. *State*, 67 *Ga. App.* 314 (20 S. E. 2d, 89). The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*