## 33633.   THOMPSON *v.* THE STATE.

DECIDED JUNE 29, 1951.   REHEARING DENIED JULY 17, 1951.

W. O. Cooper Jr., for plaintiff in error.

Oscar L. Long, Solicitor, contra.

TOWNSEND, J.    (After stating the foregoing facts.)

■ The defendant was convicted on December 6, 1950. On February 22, 1951, Virginia Pressley made an affidavit to the effect that her testimony on the trial of the case was false and was made at the instance of certain State and county authorities, and that in fact the defendant had never solicited any acts of prostitution for her nor received any money from her. The second ground of the amended motion for a new trial urges that because of this affidavit a new trial should be granted on the ground of newly discovered evidence. However, this special ground fails to allege that the witness who made the affidavit has been convicted of perjury, and in the absence of this allegation the affidavit is not cause for the granting of a new trial. See Code, § 110-706; Hubbard v. Whatley, 200 Ga. 751 (1-b) (38 S. E. 2d, 738) ; Stephens v. Pickering, 192 Ga. 199 (1) (15 S. E. 2d, 202). And this is true even though the witness who later declares her testimony was false be the sole witness against the defendant. Morrow v. State, 36 Ga. App. 217 (136 S. E. 92). Refusal to grant a new trial on this ground was not error.

■ The third ground of the amended motion for a new trial contends that the court erred in failing to charge, without request, on circumstantial evidence. Where, as here, there is direct evidence of the guilt of the accused, failure to charge on circumstantial evidence in the absence of request is not error. See Nobles v. State, 127 Ga. 212 (5) (56 S. E. 125) ; Hegwood v. State, 138 Ga. 274 (1) (75 S. E. 138) ; Yopp v. State, 175 Ga. 314 (165 S. E. 29). This contention is without merit.

■ The first ground of the amended motion is but an ampli-

fication of the general grounds, and is considered in connection therewith. The testimony of the State's witness, Virginia Pressley, that the defendant had taught her how to make a livelihood as a prostitute at the age of thirteen, had obtained numerous places of employment for her for this purpose, had brought men to see her, and had insisted on receiving part of the sums received by her, together with the testimony that the defendant registered Virginia Pressley and himself in the hotel at Macon as man and wife, informed a bell boy that she would "fill dates" and instructed her to proceed to fill the date for which the arrest was made, are sufficient to sustain the conviction.

The defendant made a statement in which he denied previous association with the witness and offered an explanation for having registered her in the hotel as his wife, but this explanation was not accepted by the jury.

There being competent evidence from which the jury was authorized to find the defendant guilty under the first count of the accusation, the discretion of the trial court in overruling the motion for a new trial on the general grounds will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*