## 44810. JENKINS v. THE STATE.

WHITMAN, Judge. This case is an appeal from a judgment of conviction and sentence for the offenses of possessing and transporting nontax-paid whiskey.

1. Two enumerations of error deal with the charge to the jury. The court charged: "In all criminal cases the defendant has a right to make a statement in his own behalf which the jury may believe in preference to the sworn testimony if they believe it to be the truth. That is not under oath. Now, as in this case, the defendant has a right to make known to the court that he desires to be sworn and testify under oath and which was done in this case and his testimony shall be the same as any other sworn testimony in the case. The jury may believe it or not believe it. They are the judges of the credibility of the witnesses." It is contended that this instruction disparaged the sworn testimony of the defendant, or left the jury under the impression that they could capriciously disregard the defendant's evidence, but not the State's. We find no merit in the contention. There is room for improvement in the instruction, but as we read it, it instructed the jury to consider the defendant's testimony on an equal basis with the rest of the testimony in the case.

2. The court also charged the jury: "There are two separate charges. One for possession and one for transporting. If the jury does not believe the defendant on possession but guilty on transportation, you shall so recite in your verdict on the back of the accusation. If you find him guilty on both charges, you would find the defendant guilty on both charges.

If you should find him not guilty on one, you should so state. If you find him not guilty on both, the form of your verdict would be, 'We the jury find the defendant not guilty,' which would be in operation of an acquittal in both cases."

The enumeration of error is addressed to the third sentence of the above excerpt. It is contended that the sentence "does not make sense" and must be presumed to be prejudicial. The sentence does make "sense" when the word "guilty" is inserted before the words "on possession" so as to make the sentence read: "If the jury does not believe the defendant guilty on possession but guilty on transportation you shall so recite in your verdict on the back of the accusation." That this was the intended meaning and the meaning which was imparted to the jury is clear when that portion of the charge preceding and following the sentence complained of is considered. It is apparent that there was a mere slip of the tongue which was not misleading or confusing. *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512).

3. The verdict was authorized by the evidence.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*

SUBMITTED OCTOBER 7, 1969—DECIDED JANUARY 29, 1970.

*Casey Thigpen*, for appellant.
*Thomas A. Hutcheson, Solicitor*, for appellee.