## 30017. LERCH v. THE STATE.

HALL, Justice.

Lerch appeals from his August 22, 1974 convictions for murder and armed robbery. He was sentenced to life imprisonment for murder and to four years for armed robbery, to be served consecutively. Lerch was jointly indicted along with two other persons, Dodson and Wilson, though he received a separate trial.

1. The evidence supports the verdict and the trial court did not err in overruling the general grounds of the motion for new trial.

2. Appellant's enumeration (No. 4), complaining of the court's charge that the jury must give appellant's testimony the same evidentiary value as that of other witnesses, is without merit. *Jenkins v. State,* 121 Ga. App. 74 (172 SE2d 844).

3. Appellant's enumerated errors (Nos. 5 and 6) concerning the court's charge on the testimony and credibility of all witnesses are without merit.

4. Appellant enumerates as error (No. 7) that portion of the court's charge on the testimony of an accomplice which stated that "Now, this indictment charges a felony and the witness Jess Dodson is jointly indicted with the defendant, and therefore, Mr. Dodson appears before the court as an accomplice under said indictment." Appellant contends this is an expression of an opinion by the trial judge that Dodson was an accomplice and constitutes reversible error under *Millwood v. State,* 102 Ga. App. 180 (115 SE2d 829) and the cases cited therein. We disagree. Those decisions are inapposite for the reason that they involved a statement by the court that a named individual was an accomplice, whereas here the reference was to the fact that Dodson appeared before the court as an accomplice under the indictment.

5. Appellant's enumeration (No. 8) that the court erred in charging on alibi is without merit. The alibi charge was in substance that which was approved by this court in Footnote 2 of *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612).

6. Appellant's enumeration (No. 9) that the court erred in charging on conspiracy because conspiracy had not been alleged in the indictment is without merit. *Bruster v. State,* 228 Ga. 651 (187 SE2d 297). The responsibility of a co-conspirator for the acts of other co-conspirators is discussed in *Burke v. State,* 234 Ga. 512.

7. The remaining enumerations are not supported by argument or citation of authority, and are therefore considered abandoned under Rule 18 c (2) of this court.

*Judgment affirmed. All the Justices concur.*

Argued June 10, 1975 — Decided September 2, 1975.

*Farrar & Farrar, Archibald A. Farrar, Jr.,* for appellant.