### 54818. CLARK v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for burglary and upon his conviction by a jury the trial judge sentenced him to serve a term of 12 years. A motion for new trial as amended was filed and denied, and defendant appeals. *Held:*

1. There was ample evidence that the defendant was seen entering the apartment of another and that he removed two lamps therefrom and thereafter he did carry out a television set. The lamps and television set were recovered, and the defendant thereafter arrested. The evidence was sufficient to support the verdict. See *Ridley*

*v. State,* 236 Ga. 147, 149 (1) (223 SE2d 131); *Burrell v. State,* 140 Ga. App. 900 (1) (232 SE2d 172).

2. Defendant next enumerates error to the general charge to the jury in reference to its duty to reconcile conflicts in the evidence. It is not error to give such a charge. *Gordy v. State,* 236 Ga. 723 (2) (225 SE2d 287); *Spencer v. State,* 236 Ga. 697, 701 (6) (224 SE2d 910). There is no merit in this complaint.

3. The defendant enumerates error to the charge as to the proof of specific intent. There is no merit in the complaint that the trial court lowered the state's burden of proof in charging on the necessity of the state to prove specific intent as an essential element of the crime. The trial court also charged that "[t]he presence and participation of the defendant in this crime is an essential element and must be proved by the state beyond a reasonable doubt." The court did not, as claimed, fail to instruct the jury that it was necessary to prove all elements of the offense. There is no merit in this complaint.

4. In considering the charge as a whole we do not find that the court presented any undue emphasis upon the defendant's testimony in this case. The court merely instructed that a defendant does not have to testify if he so desires, but if he testifies, his testimony is to be treated like any other witness and the offered testimony cannot be disregarded merely because he is accused of a crime. The court did not express any opinion in giving the above, which is the law. See *Stapleton v. State,* 235 Ga. 513, 517 (2) (220 SE2d 269); *Jenkins v. State,* 121 Ga. App. 74 (172 SE2d 844).

5. Contrary to defendant's contentions that the court merely instructed the jury that the state's burden of proof was to establish the commission of the alleged crime by the defendant, "to a reasonable and moral certainty," the court did fully charge that the state must produce evidence "in your presence and hearing sufficient to satisfy your minds beyond a reasonable doubt of the defendant's guilt of the offense charged." The court thereafter proceeded to charge fully the meaning of reasonable doubt. The charge taken as a whole was fair and did not shift any burden to the defendant or lower the

state's burden of proof. See *Jones v. State,* 139 Ga. App. 366 (2) (228 SE2d 387); *Rucker v. State,* 135 Ga. App. 468, 472 (218 SE2d 146). There is no merit in this complaint. The case of *Norman v. State,* 10 Ga. App. 802, 804 (74 SE 428), is not applicable here for the court did fully charge in this case that to authorize conviction the state must produce evidence "sufficient to satisfy your minds beyond a reasonable doubt."

6. The remaining enumeration of error contends that the court impermissibly inquired into defendant's arrest record and uncertified convictions which the district attorney did not present and which were not shown to the defendant before trial. Examination of the transcript as to the sentencing phase of the trial which the court held after conviction with reference to evidence of extenuation, mitigation, and aggravation of punishment, the court then stated, "I am prepared to sentence this man." Whereupon, the court inquired of his convictions and previous sentences. Counsel for defendant argues that the trial judge was considering "the defendant's rap sheet on his own motion and placed the defendant in the position of having to explain inadmissible evidence." However, this is not borne out by the record. The court expressly stated it did not consider two charges wherein it was determined that the defendant was not represented by an attorney nor do we find any objection to the questioning by the court of the defendant with reference to the defendant's record during the sentencing phase. See *Herring v. State,* 238 Ga. 288 (4) (232 SE2d 826); *Adams v. State,* 142 Ga. App. 252, 255 (235 SE2d 667). Further, if the court had before it certain facts not properly in evidence it is presumed that the trial court separated same from the legal evidence in reaching its decision. See *Clark v. State,* 138 Ga. App. 266, 270 (226 SE2d 89). We find no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED NOVEMBER 17, 1977.

*R. David Botts,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.