## 66570. CARTER v. THE STATE.

SHULMAN, Chief Judge.

Appellant and his co-defendant (Waters) were convicted of robbery by force, aggravated assault, and two counts of aggravated sodomy. Appellant now questions the sufficiency of the evidence and the denial of his motion for mistrial, and contends that there was a fatal variance between the allegata and the probata insofar as the aggravated sodomy counts are concerned.

1. The victim testified that he had accepted the offer of a ride with appellant and Waters after his automobile had broken down. The two men took the victim to a remote area where Carter proceeded to beat him with a baseball bat while Waters prevented the victim from escaping. The victim struggled unsuccessfully, and his assailants took his keys, wallet, checkbook, necklace, and wedding ring from his person, and books and clothing from his baggage. When the victim refused to sodomize Waters, appellant resumed his baseball bat attack on the victim until he submitted to acts of oral and anal sodomy. This evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); OCGA §§ 16-8-40 (Code Ann. § 26-1901), 16-5-21 (Code Ann. § 26-1302), 16-6-2 (Code Ann. § 26-2002).

2. Appellant asserts that his character was improperly placed in evidence when the victim, on direct examination, repeated statements allegedly made by appellant to the victim after the sodomy had occurred. Even if we were to assume that the remarks attributed to appellant evidenced other criminal activity and may have placed his character in evidence, "[t]estimony by the victim concerning what appellant had said to [him] during the continuing course of [his] ordeal was admissible, notwithstanding the fact that it may have shown other criminal conduct on the part of appellant. [Cit.]" *Morgan v. State,* 161 Ga. App. 67 (2) (288 SE2d 836). The trial court did not err when it denied appellant's motion for mistrial.

3. The indictment which named both appellant and his co-defendant as the perpetrators of the above-described crimes

charged that the sodomitical acts involved the sex organs of the accused and the mouth and anus of the victim. At trial, the victim testified that he was forced to perform the acts with Waters in a pickup truck and that appellant was not in the truck during the sodomy. Appellant maintains that a fatal variance arises from the fact that the indictment specifically alleges the involvement of his sex organ and that there was no evidence of such involvement at trial.

"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he: . . . (3) [i]ntentionally aids or abets in the commission of the crime . . ." OCGA § 16-2-20 (Code Ann. § 26-801). Although appellant was not personally involved in the acts of sodomy, his actions as an aider and abettor in the commission of that crime allow him to be charged with and convicted of the crime. See *Hendrix v. State,* 239 Ga. 507 (2) (238 SE2d 56). No fatal variance existed.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 27, 1983.

*R. B. Donaldson, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.