A91A0110. WILLIAMS v. THE STATE.

(406 SE2d 498)

McMURRAY, Presiding Judge.

Defendant was charged in a multi-count indictment with one count of armed robbery, two counts of kidnapping, two counts of aggravated assault and five counts of possession of a firearm during the commission of a crime. The case was tried before a jury and the victim's testimony revealed the following:

During the evening of January 27, 1990, defendant approached the victim in the parking lot of a convenience store as the victim and the victim's four-year-old daughter were entering a pick-up truck. Defendant "tapped [the victim] on the shoulder and said hey. [The vic-

tim] turned around and [saw that defendant] had a gun. . . ." The victim also noticed an unidentified accomplice standing at the front of the truck and he appeared to be "watching guard." Defendant covered the victim's mouth and ordered her to give up her "purse" and "to scoot over and let him in." The victim gave defendant her purse, but refused him entrance to the truck. Defendant "pointed the gun at [the victim's daughter] and . . . told [the victim that] he was fixing to kill her if [the victim] didn't scoot on over and let him in." The victim resisted and defendant "started hitting [the victim] with the gun." Defendant's accomplice then approached defendant and "said come on, man, don't do her like that [and] he pushed him away from her and was kind of cussing at him." A car then drove into the convenience store parking lot and defendant and the accomplice fled.

Defendant testified and admitted that he was at the crime scene when the victim was assaulted, but denied participation in the crime. More specifically, defendant testified that he heard the victim's screams; that he walked to the front of the victim's truck and that he saw his brother assaulting the victim. Defendant explained that he "grabbed" his brother's arm in an attempt to break off the assault; that his brother "pushed" him away and that he then "walked away."

Defendant was found guilty of armed robbery and not guilty on the remaining counts of the indictment. One of the counts of possession of a firearm during the commission of a crime had been dismissed. This appeal followed. *Held:*

1. Defendant first contends the trial court erred in denying his motion for directed verdict and his motion for mistrial, arguing the State's closing argument led to the erroneous conclusion that defendant could be found guilty on facts not alleged in the indictment. More specifically, defendant asserts the State argued that defendant is guilty as either the actual perpetrator (the assailant) or as an aider and abettor to the crimes charged and contends the argument that defendant is guilty as an aider and abettor is at odds with the charge that defendant was the actual perpetrator of the armed robbery.

"In the absence of a transcript, we cannot consider enumerations of error concerning the evidence or proceedings at trial. *Dean v. State*, 188 Ga. App. 128 (372 SE2d 286) (1988)." *Hasty v. State*, 195 Ga. App. 427 (394 SE2d 800). In the case sub judice, there is no transcript or stipulation supporting defendant's assertion that the State commented during closing argument that defendant is guilty as either the actual perpetrator (the assailant) or as an aider and abettor to the crimes charged. See *Sizemore v. State*, 195 Ga. App. 548 (395 SE2d 669). This enumeration therefore presents nothing for review. Nonetheless, we have considered defendant's contention and find it to be without merit.

" 'Every person concerned in the commission of a crime is a party

thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he: . . . (3) (i)ntentionally aids or abets in the commission of the crime. . . .' OCGA § 16-2-20 (Code Ann. § 26-801)." *Carter v. State,* 168 Ga. App. 177 (3), 178 (308 SE2d 438). In the case sub judice, the evidence authorized findings that defendant was either the assailant or the assailant's accomplice. These circumstances support an argument that defendant was either the assailant or an aider and abettor to the crimes charged and that defendant would be guilty of committing the crimes under either circumstance. *George v. State,* 175 Ga. App. 229, 230 (3), 231 (333 SE2d 141); *Jenkins v. State,* 172 Ga. App. 715, 716 (4) (324 SE2d 491); *Carter v. State,* 168 Ga. App. 177 (3), supra. The trial court did not err in denying defendant's motion for a directed verdict of acquittal and his motion for mistrial.

2. In his second and third enumerations, defendant contends the trial court's charge on parties to the crime, i.e., that defendant could be found guilty as an aider and abettor under OCGA § 16-2-20, is not supported by the evidence and is inconsistent with the allegation that defendant was the actual perpetrator (the assailant) of the armed robbery. This contention is without merit for the reasons stated in Division 1 of this opinion.

3. Defendant contends the trial court erred in denying his motion for mistrial after the State's "burden shifting" closing argument, i.e., "You've heard from the defendant, what he had to say. You haven't heard from any other witness. You haven't heard any corroboration."

We do not view the State's comment as burden shifting, nor are the remarks an impermissible comment on defendant's failure to testify. *McGee v. State,* 260 Ga. 178, 179 (4) (391 SE2d 400). "We view the remarks to be a permissible comment on defendant's failure to adduce evidence rebutting the State's evidence. *Stephens v. State,* 185 Ga. App. 825, 826 (3) (366 SE2d 211); *Gardner v. State,* 172 Ga. App. 677, 681 (10) (324 SE2d 535)." *Griffin v. State,* 191 Ga. App. 302, 304 (4) (381 SE2d 562). This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 20, 1991 — ▮▮▮▮▮▮▮▮

*Blackburn, Bright & Edwards, J. Converse Bright, James G. Tunison, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Catherine H. Helms, Bradfield M. Shealy, Assistant District Attorneys,* for appellee.