*V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.

## S92A0774. JOHNSON v. THE STATE.
(422 SE2d 659)

CLARKE, Chief Justice.

On November 5, 1989, Fred Tudor and Michael Nichols met with Deborah Brown to buy crack cocaine. Tudor and Nichols accused Brown of selling them fake cocaine. Brown then called for Demetrius Johnson who appeared from behind a building. Johnson began shooting at Tudor and Nichols, hitting Tudor once in the cheek and Nichols three times in the head and neck. Nichols died from these wounds. The police arrested Brown about two weeks later. She told the police that Johnson shot the victims and testified for the State at Johnson's trial. Michelle Heard, a former girl friend of Johnson, testified that Johnson admitted to her that he shot the victims.[1]

Appellant's sole enumeration of error is that trial counsel was ineffective. He bases this claim on several distinct arguments. We reject appellant's arguments and affirm the conviction.

1. To succeed on an ineffective assistance of counsel claim, appellant must show that trial counsel's performance was deficient and that it prejudiced him, depriving him of a fair trial. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that trial counsel's performance "falls within the wide range of reasonable professional assistance" and that any challenged action " 'might be considered sound trial strategy.' " Id. at 689 (quoting *Michel v. Louisiana,* 350 U. S. 91, 101 (76 SC 158, 100 LE 83) (1955)).

The trial court found that trial counsel was not so deficient as to deprive appellant of a fair trial. The court also found that all of trial counsel's actions were within the range of professional conduct and did not prejudice appellant. The evidence against appellant included testimony from an eyewitness and an admission by appellant from his former girl friend. Given the nature of the proof, there is no reasonable probability that the conduct complained of by appellant would have changed the outcome of the trial. We find no error in the trial

---

[1] On December 12, 1989, a Fulton County grand jury indicted Johnson for murder, aggravated assault, and possession of a firearm during the commission of a felony. The trial court appointed counsel for Johnson on March 23, 1990. On April 4, 1991, a jury convicted Johnson on all counts. The trial court denied Johnson's amended motion for a new trial on February 26, 1992. A notice of appeal was filed on April 8, 1991. This case was submitted on May 8, 1992.

court's holding.

2. Having reviewed the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found Johnson guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Bell, P. J., Hunt, Benham and Fletcher, JJ., concur. Sears-Collins, J., disqualified.*

DECIDED NOVEMBER 17, 1992.

*Murray M. Silver,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Herman L. Sloan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.