S93A1593. HUEY v. THE STATE.
(439 SE2d 656)

SEARS-COLLINS, Justice.

The appellant, Gerald Steven Huey, was convicted of the murder of Tim Kent and of the theft by taking of money belonging to a man named Carol Baggett. The trial court sentenced Huey to life in prison

for the murder conviction and to a consecutive term of ten years in prison for the theft by taking conviction. Huey appeals, raising numerous issues. We find no error and affirm.[1]

1. In his seventh and eighth enumerations of error, Huey contends that the evidence was insufficient to support his convictions. We disagree. Reviewed in a light most favorable to the verdict, the evidence showed that Kent and Baggett camped outside of Huey's home on the night of March 16-17, 1991, and that Kent and Huey agreed to and did take $2,500 from Baggett that night while Baggett was sleeping and then divided the money equally between them. Moreover, the evidence would have authorized a rational trier of fact to conclude that during the following week Huey spent his share of the stolen money and then killed Kent to obtain his share as well. For these reasons, we conclude that the evidence was sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Huey contends that the trial court erred by permitting Kent's half-brother, Todd Blanton, to testify that on March 17, 1991, Kent told him that Kent and Huey had gotten a man drunk and, when the man passed out, had taken the man's money. Blanton added that Kent then showed him about $1,000 in 50- and 100-dollar bills. Huey contends that Blanton's testimony regarding what Kent told him was inadmissible hearsay. We do not agree. We conclude that Blanton's testimony was admissible under the co-conspirator exception to the hearsay rule, as the evidence adequately demonstrated a conspiracy between Kent and Huey and as Kent's statements to Blanton occurred during the concealment phase of the conspiracy. See OCGA § 24-3-5; *Duffy v. State*, 262 Ga. 249, 250-251 (416 SE2d 734) (1992); *Hughes v. State*, 257 Ga. 200, 202 (1) (357 SE2d 80) (1987).

3. In his second enumeration of error, Huey contends that there was a fatal variance between the theft by taking count of the indictment and the proof at trial, in that the indictment alleged only that Huey took the money from the victim whereas at trial the state's proof was that Huey entered a conspiracy with Kent to take Baggett's

---

[1] The theft by taking occurred on the night of March 16-17, 1991, and the murder occurred sometime between midnight on Thursday, March 21, 1991, and midnight on Friday, March 22. Huey was indicted on October 7, 1991. On June 5, 1992, a jury found Huey guilty of malice murder and theft by taking. Huey was sentenced on June 6, 1992. Huey filed a motion for new trial on June 23, 1992. The court reporter certified the transcript on March 29, 1993. After dismissing his trial counsel, Huey, acting pro se, filed an amended motion for new trial on June 2, 1993. The trial court held a hearing on Huey's motion for new trial, as amended, on June 14, 1993, and denied Huey's motion on July 2, 1993. Huey filed a notice of appeal on June 21, 1993. The appeal was docketed in this court on July 22, 1993. After numerous delays due to Huey's failure to file a pro se brief, Huey obtained appellate counsel, who filed a brief on December 8, 1993. The appeal was orally argued on January 11, 1994.

money. For this same reason, Huey contends in his third enumeration that the trial court erred by charging the jury on the law of conspiracy and parties to a crime. We find no error, as it has been repeatedly held that a conspiracy may be proven and a jury charge may be given on conspiracy and parties to a crime even though a defendant is not indicted under those theories. *Bruster v. State*, 228 Ga. 651, 652 (187 SE2d 297) (1972); *Lerch v. State*, 234 Ga. 857, 858 (6) (218 SE2d 571) (1975); *Battle v. State*, 231 Ga. 501, 502 (202 SE2d 449) (1973); *Williams v. State*, 200 Ga. App. 84, 85-86 (1-2) (406 SE2d 498) (1991); *Bozeman v. State*, 196 Ga. App. 743, 745 (7) (397 SE2d 30) (1990); *Carter v. State*, 168 Ga. App. 177 (3) (308 SE2d 438) (1983); *Hamby v. State*, 158 Ga. App. 265 (2) (279 SE2d 715) (1981). Moreover, even assuming that there was a variance between Huey's indictment and the proof at his trial, we conclude that it was not fatal, as Huey's defense was not prejudiced and as he is protected from another prosecution for the same offense. See *Battles v. State*, 262 Ga. 415, 417 (420 SE2d 303) (1992).

4. In his fourth enumeration of error, Huey contends that the trial court erred by failing to grant his motion to suppress the fruits of a search of his property, his house, and his truck. We disagree. The evidence supplied to the magistrate provided her with the requisite probable cause to issue the search warrant in question. See *Williams v. State*, 251 Ga. 749, 792-795 (8) (a) (ii), (b) (ii) (312 SE2d 40) (1983). For this reason, the trial court did not err in denying the motion to suppress.

5. Huey next contends that the trial court erred by admitting photographs of the victim's mutilated body and severed head and hands during the guilt-innocence phase of the trial. Huey contends that the photographs were not relevant to any issue at the guilt-innocence phase, were particularly gruesome, and should have been excluded from evidence. We disagree. The photographs were relevant to the identity of the victim, to the cause of death, and to the issue whether Huey acted with malice in killing the victim, see *Conklin v. State*, 254 Ga. 558, 564, (1) (b) (331 SE2d 532) (1985) (butchery of victim after victim's death is relevant to malice). Though gruesome, we thus conclude that the introduction of the photographs was not erroneous. See *Goss v. State*, 255 Ga. 678, 680 (1) (341 SE2d 448) (1986); *Stephens v. State*, 259 Ga. 820, 821-822 (6) (388 SE2d 519) (1990).

6. In his sixth enumeration of error Huey contends that the trial court committed reversible error by allowing the chief bailiff to separate two jurors from the other jurors by taking them to jog three or four times at a local track. We disagree. In a capital case such as this one, a violation of the rule of sequestration normally raises a presumption of prejudice and the state has the burden to rebut that pre-

sumption. See *Legare v. State*, 243 Ga. 744, 751-752 (11) (257 SE2d 247) (1979). However, if a defendant consents to some of the jurors being separated from the others, a presumption of prejudice is not raised, *Mason v. State*, 239 Ga. 538, 540 (238 SE2d 79) (1977), and the defendant has the burden to show how that separation harmed him, *Timberlake v. State*, 246 Ga. 488, 496 (4) (271 SE2d 792) (1980); *Jones v. State*, 243 Ga. 820, 823-824 (3) (256 SE2d 907) (1979).

Here, it appears that defense counsel consented to the two jurors going to run, and the record shows that Huey has not shown any harm as a result of the separation of the two jurors. Moreover, even assuming that defense counsel did not consent to the separation, we find that the state carried its burden of demonstrating that Huey did not suffer any harm. See *Legare*, supra, 243 Ga. at 752. For these reasons, we find this enumeration to be without merit.

7. In his ninth enumeration of error Huey contends that he did not receive effective assistance of counsel. However, Huey has failed to carry his burden of proving the prejudice prong of the ineffectiveness standard. See *Johnson v. State*, 262 Ga. 545 (1) (422 SE2d 659) (1992).

8. After oral arguments Huey filed a supplementary enumeration of error and brief contending that the admission of certain evidence was erroneous. This enumeration, however, is untimely and will not be considered. *Trenor v. State*, 252 Ga. 264, 267 (8) (313 SE2d 482) (1984); *Cunningham v. State*, 255 Ga. 727, 730 (4) (342 SE2d 299) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994.

*James G. Tunison, Jr.*, for appellant.
*Johnnie L. Caldwell, Jr.*, District Attorney, *William T. Mc-Broom III*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Matthew P. Stone*, Staff Attorney, for appellee.