S93A1643. STEPHENS v. THE STATE.
(439 SE2d 478)

HUNT, Presiding Justice.

Pamela Stephens was convicted of malice murder and sentenced

to life imprisonment. She appeals and we affirm.[1]

After the death of her husband in May of 1991, Lucy Miles, the victim, began living with her niece Pamela Stephens, the appellant. Friends and neighbors testified that in the following months they observed signs of physical abuse on the victim. On October 29, 1991, a next-door neighbor heard screaming and sounds of a struggle coming from Stephens' house. Emergency medical technicians who arrived in response to a call found the victim lying on a bed in a dimly lit room; at that point she was having difficulty breathing and did not respond to light, pain or other stimuli. Subsequent examination of the victim at the hospital revealed that she had multiple injuries, including irreversible neurologic injury; second and third degree burns on her lower extremities and buttocks; multiple abrasions, lacerations and bruises across her back, on all four extremities, her eyes, her left ear, her lip and the inside and outside of her mouth; a fractured rib on her right side; and an absence of skin on the back side of her ankles and hips. The victim's attending physician and the medical examiner expressed the opinion that the victim's injuries were the result of beatings and other abuses over a period of time. Stephens, when asked about her aunt's injuries, attributed them to hot baths and frequent falls. A week after the incident, Lucy Miles died from a subdural hematoma on the right side of her brain. Subsequently, Pamela Stephens was indicted for the malice murder of her aunt.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which she was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Stephens argues that the trial court erred in admitting certain photographs into evidence because the photographs were cumulative, prejudicial and inflammatory. We disagree. Stephens was indicted for the malice murder of the victim and the state sought to prove that the victim had sustained multiple injuries over a large part of her body because of sustained and repeated physical abuse. An examination of the photographs reveals that the various views are sufficiently distinct, necessary to show the victim's multiple injuries, and relevant to the issue of whether Stephens was guilty of malice murder. "Photographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury." *Goss v.*

---

[1] The crime occurred on October 29, 1991. Stephens was found guilty of malice murder on November 25, 1992, and the trial court imposed a sentence of life in prison. Motion for new trial was filed on December 28, 1992, and denied on June 9, 1993. Stephens filed notice of appeal in the Court of Appeals on June 29, 1993. The appeal was transferred to this Court, docketed on July 30, 1993, and submitted for decision on briefs on September 10, 1993.

*State*, 255 Ga. 678, 680 (341 SE2d 448) (1986).

3. The trial court's refusal to reinstruct the jury as to the credibility of expert witnesses was not, in this case, error.

4. The trial court, in charging the jury concerning voluntary manslaughter, stated:

> Members of the jury, if you find that the evidence, however slight in this case, warrants a finding of voluntary manslaughter rather than malice murder, you may return a verdict finding the defendant guilty of that offense, even though the indictment does not contain a count alleging voluntary manslaughter.

Stephens argues that the use by the court of the phrase "however slight" was error because the jury latched on to this phrase and relied on it as the standard to convict her of malice murder. We disagree. It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in considering whether the charge was error. *Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177) (1987). An examination of the record reveals that the trial court explained to the jury that in order to convict the defendant of malice murder, it would have to find her guilty beyond a reasonable doubt; in addition, the court confined its use of the phrase "however slight" to its instruction on voluntary manslaughter. Thus, though the use of "however slight" in the charge on manslaughter was error,[2] there is no reason to believe, nor does Stephens make the case, that the jury applied an improper standard to its consideration of guilt. Indeed, the argument can be made that the charge was advantageous to the defendant since it made it possible for the jury to find her guilty of the lesser offense if there was only slight evidence of provocation.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994.

*Rodney M. Keys*, for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff*

---

[2] The phrase "however slight" refers to the amount of evidence necessary to require the trial court to give a charge on voluntary manslaughter ("On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. [Cit.]" *Henson v. State*, 258 Ga. 600, 602 (372 SE2d 806) (1988)); it has nothing to do with the standard to be employed by the jury in determining whether the defendant is guilty of voluntary manslaughter.