## S95A1061. BODDY v. THE STATE.

(458 SE2d 630)

CARLEY, Justice.

After a jury trial, Boddy was found guilty of malice murder, felony murder and aggravated assault. In accordance with *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993), the trial court entered a judgment of conviction and life sentence only on the malice murder verdict. Boddy's motion for new trial was denied and he appeals.[1]

1. The State introduced Boddy's post-arrest statement, wherein he admitted hitting the victim in the face and kicking her after she fell to the ground. According to expert testimony, the cause of death was multiple blunt trauma to the head, neck and upper back, which was consistent with being kicked by an athletic shoe. The evidence presented by the State was sufficient to authorize a rational trier of fact to find proof of Boddy's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Elliott v. State*, 253 Ga. 417, 419 (1) (320 SE2d 361) (1984).

2. The admission of four photographs of the crime scene is enumerated as error.

---

[1] The crime occurred on March 24, 1993. Boddy was indicted on May 25, 1993. The verdicts were returned on November 3, 1993 and the sentence was imposed on November 8, 1993. Boddy's motion for new trial was filed on December 1, 1993, amended on July 20, 1994 and denied on February 21, 1995. His notice of appeal was filed on March 22, 1995. The case was docketed in this court on March 31, 1995 and was submitted for decision on May 22, 1995.

" 'Photographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury.' [Cit.]" *Stephens v. State*, 263 Ga. 789, 790 (2) (439 SE2d 478) (1994). The four photographs were relevant to the credibility of Boddy's claim that he was unaware that he had hurt the victim when he hit and kicked her. See *Massengale v. State*, 264 Ga. 51, 52 (3) (441 SE2d 238) (1994); *Huey v. State*, 263 Ga. 840, 842 (5) (439 SE2d 656) (1994). Accordingly, the trial court did not err in admitting the photographs.

3. Citing *Stephens v. State*, 259 Ga. 820, 821 (5), fn. 2 (388 SE2d 519) (1990), Boddy contends that the use of the word "slayer" in the charge on malice was an expression of opinion by the trial court as to guilt and was harmful error as a matter of law.

Although we recommended in *Stephens* that the word "slayer" not be used, we did not hold that use of that word is reversible error as a matter of law. Here, as in *Stephens*, use of the word could not have resulted in a mistaken verdict. It is undisputed that Boddy was responsible for the death of the victim and the only question was his degree of culpability. Considered in context, the word "slayer" did not carry the connotation of an opinion that Boddy acted with malice. The term "slayer," fairly construed, did not refer to Boddy, but to an earlier reference to an abstract "person," thereby instructing the jury as to what circumstances would, if this "person" had caused another's death, authorize a finding of that "person's" malice. *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986).

However, we reemphasize that in some circumstances the word "slayer" could be misunderstood and again recommend that trial courts use instead a word of similar import.

4. Boddy contends that the felony murder count of the indictment does not allege the felony of aggravated assault, but alleges only the misdemeanor of battery. However, any issue concerning the felony murder count is moot, since the trial court entered a judgment of conviction and sentence only on the verdict finding Boddy guilty of malice murder. See *Malcolm v. State*, supra at 373 (5).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1995.

*Ronald J. Scholar*, for appellant.

*Lewis R. Slaton, District Attorney, John M. Turner, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.