S02A0265, S02A0266. PREER v. THE STATE (two cases).
(562 SE2d 175)

BENHAM, Justice.

This appeal is from Eric D. Preer's convictions for murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime.[1]

1. Preer argues that none of his convictions was supported by

---

[3] *Kolokouris v. State,* 271 Ga. 597 (523 SE2d 311) (1999).
[4] *Hardeman v. State,* 272 Ga. 361 (529 SE2d 368) (2000).
[5] *Hardeman,* 272 Ga. at 362, quoting *Brackett v. State,* 227 Ga. 493 (181 SE2d 380) (1971).
[1] The shooting occurred on July 18, 1999, and Preer was indicted on November 9, 1999, for malice murder, two counts of felony murder (possession of a firearm by a convicted felon, aggravated assault), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. At trial, conducted on March 6-9, 2000, the jury found Preer guilty on all counts, pursuant to which the trial court sentenced him to life imprisonment for malice murder (the felony murder counts were vacated by operation of law (*Malcolm v. State,* 263 Ga. 369 (4) (434 SE2d 479) (1993)), to a consecutive term of five years of probation for possession of a firearm during commission of a crime, and to a concurrent term of five years of probation for possession of a firearm by a convicted felon. Preer's motion for new trial, filed on March 16, 2000, was denied on August 7, 2001. Pursuant to notices of appeal filed on August 15 and August 27, 2001, by two different attorneys, the appeal was docketed as two cases on November 7, 2001, and was submitted for decision on the briefs filed in S02A0265.

sufficient evidence. The evidence at trial established that Preer and his co-defendants, Jones and James, became involved in an argument with the victim, Frank Lyles, and two friends at a club. Preer's group was asked to leave first, and a few minutes later, Lyles's group was asked to leave. Outside, they found Preer's group waiting. After a fight began, Preer's group all produced pistols and began firing, killing Lyles. A copy of Preer's previous conviction for felony possession of marijuana was put into evidence. That evidence was sufficient to authorize a rational trier of fact to find Preer guilty beyond a reasonable doubt of malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court having entered a judgment of conviction and sentence only on the verdict finding Preer guilty of malice murder, any issue concerning the felony murder count is moot (*Boddy v. State*, 265 Ga. 498 (4) (458 SE2d 630) (1995)), so we need not consider his complaint that the evidence did not establish his guilt of felony murder.

2. Preer's complaint that the trial court did not adequately charge the jury on the elements of the offense of possession of a firearm during the commission of a crime was waived by his failure to object to the charge or reserve objections when asked by the trial court if there were any objections to the jury charge. *Pickren v. State*, 272 Ga. 421 (2) (530 SE2d 464) (2000).

3. Since we have considered the issues raised by Preer in Case No. S02A0265 and have found no error, his appeal from the same convictions in Case No. S02A0266, which raises no additional issues, is moot and is, therefore, dismissed. OCGA § 5-6-48 (b) (3).

*Judgment affirmed in Case No. S02A0265; appeal dismissed in Case No. S02A0266. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Leonard L. Franco*, for appellant (case no. S02A0265).
Eric D. Preer, *pro se* (case no. S02A0266).
*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.