## 76469. LITTLE v. THE STATE.
### (373 SE2d 260)

POPE, Judge.

Appellant Willie Ivey Little appeals from his conviction of violations of the Georgia Controlled Substances Act, enumerating as error the denial of his motion for discharge and acquittal on the ground that his written demand for trial made pursuant to OCGA § 17-7-170 was not properly filed. *Held*:

1. Appellant concedes that his demand for trial was filed 20 days prior to the return of his indictment, but urges this court to overrule *Robinson v. State*, 182 Ga. App. 423 (4) (356 SE2d 55) (1987), in which we held that the speedy trial mandate of OCGA § 17-7-170 may not be invoked until after an indictment has been returned or an accusation has been preferred (citing *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) aff'd 254 Ga. 660 (333 SE2d 834) (1985)). This we are without authority to do. "Although the constitutional protection of the right to a speedy trial attaches at the time of arrest, a defendant may not invoke the statutory provisions of OCGA § 17-7-170 until an indictment has been returned. [Cit.] Where a statutory demand is filed before the indictment is returned, the demand is a nullity and provides no ground for granting a plea in bar for failure to try the case within the statutory period. Id. Because the penalty imposed by this statute against the state is so great, it must be strictly construed. Thus, the demand for trial is a nullity whether it was filed hours, weeks or months before the indictment was returned. The trial court did not err in denying [appellant's motion for discharge and acquittal]." *Day v. State*, 187 Ga. App. 175, 175-176 (369 SE2d 796) (1988).

2. Appellant's second ground of error concerns computation of the two-term limit before discharge pursuant to local superior court rules. However, the trial judge expressly stated he was not denying the motion for discharge on the basis of this rule. Therefore, this enumeration is also without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988.

*Samuel D. Ozburn,* for appellant.
*John M. Ott, District Attorney,* for appellee.