S91A0437. REDD v. THE STATE.
(404 SE2d 264)

FLETCHER, Justice.

In September of 1987, defendant William Stanley Redd and his accomplice, John Jones, were charged with murder and three addi-

---

tional felonies in Burke County. On October 6, 1987, Redd filed a demand for speedy trial. On October 16, 1987, Redd's parole in an unrelated case was revoked and he was placed in the custody of the Department of Corrections to serve the remainder of that sentence which expired on July 15, 1990. However, on January 29, 1990, Redd was returned to the custody of Burke County.

In July of 1989, the State notified Redd and Jones of its intention to seek the death penalty against them. In September of 1989, the state entered into a plea agreement with Jones whereby he agreed to testify against Redd at trial. There is evidence to show that the plea bargain negotiations with Jones contributed to the delay in bringing Redd to trial.

Redd's trial was scheduled for June 18, 1990. On May 8, 1990, the trial court held a hearing on Redd's motion to dismiss the indictment and for judgment of acquittal which was filed on April 2, 1990. The basis for the motion was Redd's claim that he had been denied his constitutional rights to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution and by Art. I, Sec. I, Par. XI of the Georgia Constitution.[1] The trial court found that Redd's constitutional rights to a speedy trial had not been denied under the circumstances of this case. Redd appeals that ruling.

As the defendant is pursuing a claim for denial of speedy trial upon the aforementioned constitutional grounds and not OCGA § 17-7-170,[2] the trial court correctly applied *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), to resolve the issue. *Perry v. Mitchell*, 253 Ga. 593 (322 SE2d 273) (1984). In *Barker*, the United States Supreme Court identified four factors which are to be used to evaluate Sixth Amendment speedy trial claims: 1) length of delay; 2) the reason for delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant. The court noted that prejudice to the defendant includes oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired.

---

[1] The same standards are applied to claims of denial of a speedy trial based upon grounds of a constitutional violation under both the United States Constitution and the Georgia Constitution. *Fleming v. State*, 240 Ga. 142 (240 SE2d 37) (1977).

[2] Redd's demand for speedy trial, made pursuant to OCGA § 17-7-170, was filed on October 6, 1987, but he was not indicted until April 26, 1988. While the constitutional rights to a speedy trial attach at the time of arrest, the Court of Appeals has held that the speedy trial mandate of OCGA § 17-7-170 may not be invoked until an indictment has been returned and that a § 17-7-170 demand made prior to indictment is a nullity. *Little v. State*, 188 Ga. App. 410 (373 SE2d 260) (1988). Because Redd was indicted for a capital offense, his demand for trial should have been made pursuant to OCGA § 17-7-171. However, because of the similarity of the provisions in both OCGA §§ 17-7-170 and 17-7-171 as to when the demand may be filed, we cannot envision a construction of OCGA § 17-7-171 that would cause its speedy trial mandate to attach prior to indictment.

The court in *Barker* determined that, unless there is a delay which is presumptively prejudicial, there is no need to analyze a claim for speedy trial under the remaining factors. 407 U. S. at 530. The trial court in the present case found that a 33-month delay between arrest and the date of trial is presumptively prejudicial. Considering the second factor, the trial court found "that there is no evidence that the delay was due to bad faith or a dilatory purpose by the State." Rather, the trial court found that the delay resulted primarily from a backlog of cases and staff shortage in the district attorney's office. The record supports these findings. Further, the trial court's finding that there is no evidence the State delayed in bringing this case to trial in order to hamper the defense is supported by the record. See *Barker*, supra at 531.

In considering the third *Barker* factor, the trial court found that while Redd did file a speedy trial demand, see footnote 2, supra, as well as a motion to dismiss and a letter requesting a trial,[3] all of these related to state statutory grounds rather than the constitutional grounds raised on appeal and asserted for the first time on April 4, 1990. The trial court found that these filings constituted some notice to the state that Redd was asserting his right to a speedy trial, but found that this factor "should weigh only slightly against the State."

As to the fourth *Barker* factor, the trial court found that Redd failed to show he was prejudiced by the delay. Redd's pre-trial incarceration resulted primarily from offenses unrelated to this case. See *Mincey v. State*, 257 Ga. 500 (3) (360 SE2d 578) (1987). There is no evidence in the record of Redd's anxiety or concern due to his lengthy incarceration. Redd maintains that he is prejudiced by the fact that a witness in the case is now missing. However, the evidence shows, and the trial court found, that all statements made by the missing witness implicated Redd in the crimes charged.

We urge that trials be conducted in a timely fashion and, by our decision in this case, we are not placing our stamp of approval on lengthy delays in bringing defendants to trial. However, we find that the trial court correctly balanced the factors of *Barker v. Wingo,* supra, and did not err in denying Redd's motion to dismiss the indictment.

*Judgment affirmed. All the Justices concur.*

---

[3] The letter addressed to the clerk of court, dated November 12, 1989, and filed November 14, 1989, was in the nature of an inquiry regarding possible pending felony charges and a request for a "fast and speedy trial" if charges were pending. Following receipt of the letter, the trial court entered an order on January 10, 1990 for Redd to be returned to Burke County for pre-trial hearings and for trial; the latter of which was subsequently scheduled for June 18, 1990. While the letter did not satisfy all of the requirements of OCGA § 17-7-171, a trial scheduled for June 1990 was within the statutorily required time.

DECIDED MAY 16, 1991 —
RECONSIDERATION DENIED JUNE 7, 1991.

*Daniel J. Craig,* for appellant.
*Michael C. Eubanks,* District Attorney, *Richard E. Thomas,* Assistant District Attorney, for appellee.