## A92A0662. DOE v. THE STATE.
### (422 SE2d 558)

BIRDSONG, Presiding Judge.

Appellant Thomas Doe, having pled guilty to the sale of cocaine for an offense alleged to have been committed on May 19, 1989, was sentenced to life imprisonment pursuant to OCGA § 16-13-30 (d). That statute mandates the enhanced punishment of life imprisonment "upon conviction of a second or subsequent offense" involving intent to distribute controlled substances. On appeal, Doe argued that although this was his second "conviction," this offense was not "second" in point of time of occurrence. See *Mays v. State*, 262 Ga. 90, 91 (414 SE2d 481), which held that "it is not the date of the conviction which determines the applicability of enhanced punishment but the date of the commission of the offense." However, the record did not support Doe's contentions for, pursuant to his direction in his notice of appeal, it contained the indictment and sentences pertaining to Tattnall County Indictment No. 89R-140, and it contained no showing in the record of an earlier conviction for an offense which occurred after this one.

Appellant submits a supplementary record certified by the superior court clerk as a true and correct copy of the records of that court. This supplementary record includes Tattnall County Indictment No. 89R-126 alleging sale of cocaine on June 5, 1989, and the conviction and sentence thereon. It is appellant's burden to designate what shall be included in the record sent up on appeal (see OCGA §§ 5-6-43 (a); 5-6-37), failing which we are not authorized to go outside the record and accept assertions of fact in briefs which are not supported by the record (see *Blane v. State*, 195 Ga. App. 504 (393 SE2d 759)), nor may we accept as fact what is asserted by way of argument in a transcript. However, in this case, owing to the gravity of the life sentence given to appellant, we will take notice of the certified copies pertaining to Indictment No. 89R-126 which appellant's counsel submits. It appears from these documents that appellant was in fact previously convicted and sentenced for a sale of cocaine which occurred June 5, 1989, after the instant sale of cocaine occurring on May 19, 1989. The State has not shown otherwise in rebuttal. Therefore, the imposition of the enhanced punishment under OCGA § 16-13-30 (d) was error. See *Mays v. State*, supra.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED JULY 31, 1992.

*Cowart & McCullough, Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assis-*

*tant District Attorney*, for appellee.