## S93A1596. SMILEY v. THE STATE.
### (438 SE2d 75)

FLETCHER, Justice.

Warren Smiley was convicted of felony murder and possession of a firearm during the commission of a crime.[1] On appeal, he complains that the prosecution used its peremptory challenges in a racially discriminatory manner in violation of *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) and that there was insufficient evidence to support his conviction of the underlying felony of aggravated assault. We affirm.

1. In his first enumeration of error, Smiley argues that the court erred in denying his *Batson* objection to the prosecution's striking of three black venire members.

In order to overcome an inference of discrimination in the use of peremptory strikes, the prosecution must offer concrete, tangible, race-neutral and neutrally applied reasons for its strikes. *Ford v. State,* 262 Ga. 558 (423 SE2d 245) (1992). Here, the prosecutor explained that the three venire members were struck because a criminal record check indicated that they each had a criminal record.[2] We find the prosecution offered the kind of legitimate and race-neutral reasons that are sufficient to rebut a prima facie showing of discrimination under *Batson* and there is no evidence that the reasons given by the prosecution were not neutrally applied to both black and white venire members. See *Davis v. State,* 263 Ga. 5, 8-9 (426 SE2d 844)

---

[1] Smiley was indicted on March 8, 1993, on charges of malice murder, felony murder with aggravated assault being the underlying felony, and possession of a firearm during the commission of a crime. His first trial took place on May 4-6, 1993, and resulted in a mistrial after the jury deadlocked. On June 8, 1993, he was retried and a jury found him not guilty of malice murder and guilty of the felony murder and possession charges. He was sentenced to life imprisonment on the felony murder charge and a consecutive five-year term of imprisonment on the possession charge on June 11, 1993. On July 7, 1993, he filed a notice of appeal. The case was docketed in this court on July 22, 1993, and orally argued on October 5, 1993.

[2] Once a prosecutor offers race-neutral reasons for his peremptory strikes and the trial court has ruled on the ultimate issue of intentional discrimination, the preliminary requirement that the defendant make a prima facie showing of intentional discrimination becomes moot. *Hernandez v. New York,* \_\_\_\_ U. S. \_\_\_\_ (111 SC 1859, 114 LE2d 395) (1991).

(1993) (venire member whose daughter "got into a rash of shoplifting" was struck for a race-neutral reason); *Batton v. State*, 260 Ga. 127 (391 SE2d 914) (1990) (venire member with relatives who had been "in trouble with the law" was struck for a specific and race-neutral reason). Accordingly, the court did not err in denying Smiley's *Batson* challenge.

2. Smiley asserts that the evidence was insufficient to prove the underlying felony of aggravated assault because there was no direct evidence that he attempted to commit a violent injury to the victim or that the victim was placed in reasonable apprehension of receiving an immediate violent injury. Therefore, he contends, the conviction for felony murder must be reversed due to the insufficiency of the evidence and the possession conviction must be reversed because the underlying crime of felony murder was not proven.

To prove the charge of felony murder as set forth in the indictment, the prosecution was required to prove that Smiley caused the victim's death while in the commission of an aggravated assault. OCGA § 16-5-1 (c). Aggravated assault is defined as an assault committed on the victim that is aggravated by an intention to murder, rape, or rob, or through the use of a deadly weapon. OCGA § 16-5-21 (a). A person commits the offense of simple assault when he attempts to commit a violent injury to another or commits an act which places another in reasonable apprehension of receiving an immediate violent injury. OCGA § 16-5-20 (a).

The prosecution presented evidence that after an argument with the victim during which Smiley threatened to shoot the victim, Smiley ran outside to get a 9 millimeter handgun, broke out a window, and fired a shot down the hallway where the victim stood facing the window. The bullet ricocheted off the wall and fatally wounded the victim. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that Smiley intended to commit a violent injury by shooting at the victim or that such act placed the victim in reasonable apprehension of receiving an immediate violent injury. On this evidence, the jury was authorized to find Smiley guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Langdale, Vallotton, Chapman & Linahan, J. Bennett Threlkeld, Samuel F. Greneker*, for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V.*

*Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.