A96A0424. DAVIS v. THE STATE.
(471 SE2d 14)

Judge Harold R. Banke.

A jury convicted Timothy Shaw Davis of armed robbery in July

1995. On appeal, he enumerates three errors.

Davis was indicted during the October 1994 term of court in the Superior Court of Newton County on charges of armed robbery and possession of a firearm during the commission of a felony.[1] During the same term, he filed a demand for trial pursuant to OCGA § 17-7-171.

Davis's initial trial commenced in March 1995 and resulted in a verdict of not guilty on the firearm charge. The jury could not reach a unanimous verdict on the armed robbery charge.

A second trial on the armed robbery charge was set for the week of April 17, 1995. Ten days before trial, the State served a timely notice of intention to present similar transaction evidence that Davis and a co-defendant had robbed the same gas station at gunpoint the month before committing the armed robbery at issue. At a hearing on the State's motion, Davis's counsel argued that he had not had the opportunity to interview the similar transaction witness, so the court delayed the trial until later in the term. When the State called the case for trial, Davis sought a continuance which the court granted on the condition that Davis and the State agree to an additional term of court in which to try the case. The court then stated that it would set a special term in which to try the case and adjourned court for the April term.

Although a special session of court was called in June 1995, Davis's case was not tried until the July term of court. The record reflects that Davis's case was not on the June calendar, but his trial counsel was present when the June calendar was called and did nothing to announce his readiness to try the case. When Davis moved to bar prosecution for failure to grant a speedy trial, the court denied the motion based upon the failure to announce Davis's readiness for trial at the June term of court. *Held*:

1. The trial court did not deny Davis the right to a speedy trial. If a defendant in a capital case is not tried within the second term following his demand for speedy trial, the demand statute, OCGA § 17-7-171, requires discharge and acquittal provided "that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment." OCGA § 17-7-171 (b); see *Simmons v. State*, 149 Ga. App. 830 (256 SE2d 79) (1979) (armed robbery within § 17-7-171's predecessor's purview). These statutory requisites are strictly enforced and the right to a speedy trial may be waived by a defendant's action or inaction. *Rice v.*

---

[1] The terms of court in Newton County Superior Court commence on the second and third Mondays in January, April, July, and October pursuant to OCGA § 15-6-3 (2) (A). In practice, however, the terms appear to actually begin on the third Monday of these months.

*State*, 264 Ga. 846, 847 (452 SE2d 492) (1995). The Supreme Court recently announced a bright line rule that "any continuance granted at the defendant's request will operate as a waiver of a speedy trial demand under OCGA § 17-7-171" under the rationale that "[a]ny request for a continuance following the filing of a speedy trial demand necessarily means that the defendant will not be in court 'announcing ready for trial' and the continuance, if granted, will result in a waiver of the demand in a capital case." Id. This rationale leaves unresolved the potentially troubling situation where a defendant receives a continuance which expires early in the term at which the demand is made and then is "present in court announcing ready for trial" at the two terms following the expiration of the term at which the demand was made. OCGA § 17-7-171 (b); see *Rice*, 264 Ga. at 848-849 (Carley, J., concurring specially). However, that issue is not presented here. In this case, it is undisputed that Davis successfully sought a continuance and failed to announce ready for trial during the special June term of court. Thus, under both the bright line rule and statutory language, the motion to bar prosecution was properly denied. OCGA § 17-7-171 (b).

2. The trial court properly denied Davis's motion for plea in bar and motion to quash indictment in which he argued that, because he was acquitted on the firearms charge, the State was collaterally estopped from trying him for armed robbery. Davis's failure to provide for appellate review a transcript of the initial trial forecloses consideration of his plea of double jeopardy based on the doctrine of collateral estoppel. *Preston v. State*, 257 Ga. 42, 45 (4) (354 SE2d 135) (1987); see *United States v. Hernandez*, 572 F2d 218, 220 (9th Cir. 1978); *Doe v. State*, 205 Ga. App. 322 (422 SE2d 558) (1992). The record in this case shows that Davis drove the getaway car after his two friends robbed a store at gunpoint and the State never contended that Davis actually possessed a firearm. Absent evidence from the first trial showing that Davis was acquitted of being a party to the crime of possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b) (3), we simply cannot determine whether the acquittal on the firearms charge would necessarily preclude a guilty verdict on armed robbery. *State v. Tate*, 136 Ga. App. 181, 186 (IV) (220 SE2d 741) (1975); compare OCGA §§ 16-11-106 (b) (3) and 16-8-41 (a).

3. The trial court did not err in refusing to charge the jury on theft by receiving or theft by taking as lesser included offenses. Theft by receiving is not a lesser included offense of armed robbery. *Camsler v. State*, 211 Ga. App. 826 (440 SE2d 681) (1994). "Although theft by taking has been held to be a lesser included offense of armed robbery, no charge on the lesser included offense is necessary where the evidence, as here, shows completion of the greater offense. [Cits.]"

*Widner v. State*, 203 Ga. App. 823, 825 (4) (418 SE2d 105) (1992).
*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED APRIL 1, 1996 —
RECONSIDERATION DENIED APRIL 18, 1996.

*J. Ellis Millsaps*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.