## A98A0509. FREEMAN v. THE STATE.
(503 SE2d 601)

Judge Harold R. Banke.

Terry Joel Freeman was convicted of armed robbery and possession of a firearm by a convicted felon. He enumerates six errors on appeal.

This case arose after a man resembling Freeman entered a convenience store on a hot autumn evening wearing sunglasses, a stocking cap pulled low on his head, and blue coveralls from which he pulled a shotgun. He aimed the gun at the clerk and threatened to kill her if she did not give him money. After she complied, he made her lie on the floor and he left. She then called authorities who apprehended Freeman shortly thereafter hiding under a bush. The officers found the loaded shotgun stuffed down his pants leg and $141, the approximate amount taken from the store. Nearby, they discovered the stocking cap, sunglasses, and a mismatched pair of shoes. Later, the mate to one of the shoes was found at Freeman's home. *Held*:

1. We must reject Freeman's claim of error under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Although Freeman made out a prima facie case of racial discrimination, the State offered racially neutral reasons for striking two African American jurors. *Berry v. State*, 267 Ga. 605, 608 (5) (481 SE2d 203) (1997). The State based its first strike on the venireman's acquaintance with Freeman. See *Davis v. State*, 263 Ga. 5, 8 (10) (426 SE2d 844) (1993). The second man at issue was struck because the district attorney's office had prosecuted him during the previous year on battery charges and he received a one year probated sentence. See *Smiley v. State*, 263 Ga. 716, 717 (1) (438 SE2d 75) (1994) (a prospective juror's criminal history may be a sufficiently race neutral reason to justify a peremptory strike). The trial court did not clearly err in determining that these reasons were sufficient to rebut Freeman's prima facie showing of discrimination. Id. at 717 (1); *King v. State*, 224 Ga. App. 400, 401 (2) (480 SE2d 385) (1997) (standard of review).

2. The trial court properly denied Freeman's motion for discharge and acquittal pursuant to OCGA § 17-7-170, alleging abridgement of his right to a speedy trial. The record shows that Freeman's first demand for speedy trial was invalid because he filed it before the indictment was returned. *Little v. State*, 188 Ga. App. 410 (1) (373 SE2d 260) (1988) (OCGA § 17-7-170's speedy trial protections do not attach until the indictment is returned). Freeman filed his second demand on March 10, 1995, after the time allotted under OCGA § 17-7-171 (a). See *Davis v. State*, 221 Ga. App. 168, 169 (1) (471 SE2d 14) (1996) (OCGA § 17-7-171 applies to armed robbery). There is no record that he obtained special permission to untimely file his second demand as contemplated by OCGA § 17-7-171 (a). Thus, neither

demand was effective. See *Ingram v. State*, 224 Ga. App. 271, 272 (3) (480 SE2d 302) (1997) (construing similar language in OCGA § 17-7-170). Moreover, he was tried during the April term of court, which by Freeman's own admission would have been within the statutory time limit had the second demand been valid. OCGA § 17-7-171 (b); see OCGA § 15-6-3 (2) (A).

3. Freeman apparently contends that the trial court erred in admitting similar transaction evidence which was not sufficiently similar to satisfy the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).[1] We disagree.

As in the instant case, both similar transactions involved evening robberies of female cashiers at convenience stores within a five-mile radius. In each robbery, Freeman used a weapon, referred to each of the cashiers as "bitch," and forced them to lie on the floor while he escaped on foot with the currency. Freeman pleaded guilty to both similar transactions. The State offered the evidence to show identity, course of conduct and bent of mind. We find that the similar transactions were substantially relevant to establish these factors and thus were not admitted simply to malign Freeman's character. *Harris v. State*, 222 Ga. App. 52, 54 (2) (473 SE2d 232) (1996).

4. We must reject Freeman's contention that reversal is required because the State violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). After cross-examination of one of the similar transaction witnesses and outside the jury's presence, the State announced that the witness had been charged with aggravated assault. The trial court offered to allow Freeman to question the witness but he declined.

The witness' testimony related solely to a 1983 similar transaction to which Freeman pleaded guilty. Because the information was provided during trial and Freeman failed to demonstrate the positive effect of earlier disclosure or other harm, reversal is inappropriate. *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996); *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994).

5. Because the fifth and sixth enumerations both challenge the sufficiency of the evidence, we address them collectively. Viewing the evidence in a light most favorable to the verdict, we find it sufficient to establish Freeman as the perpetrator of the offense. The victim identified Freeman as the perpetrator at trial. Freeman was apprehended in possession of a shotgun similar to the victim's description

---

[1] In his appellate brief, Freeman did not specify the grounds on which he was challenging the admission of the similar transactions evidence. However, he claimed the similar transactions were not sufficiently similar to the facts in this case in his motion in limine. Moreover, the State offered certified convictions on the similar transactions, thereby obviating any argument on identity.

and an amount of currency corresponding to that taken in the robbery. The sunglasses and hat the victim mentioned when describing the robber were found near the place Freeman was apprehended. In addition, the manner of the robbery was substantially similar to two earlier robberies Freeman committed. In these circumstances, the trial court properly denied Freeman's motion for new trial urged on general grounds.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JUNE 2, 1998.

*John P. Howell*, for appellant.
*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.