A06A0180. SMITH v. THE STATE.
(630 SE2d 833)

BERNES, Judge.

Following a jury trial, Kenny Smith was convicted of two counts of aggravated assault with a deadly weapon and one count of possession of a deadly weapon during the commission of a felony. On appeal, Smith challenges the sufficiency of the State's evidence as to the aggravated assault convictions and alleges that the trial court erred in admitting photographs of the victim and Smith's firearm. For the reasons that follow, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Anthony v. State,* 276 Ga. App. 107 (1) (622 SE2d 450) (2005). We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence adduced at trial showed that Smith and the victim Phillip Cross were longtime friends. On the evening of November 29, 2001, Smith and Cross were hanging out with several other men at a vacant lot that was frequently used by the group to socialize. Smith became angry at Cross for reasons apparently related to a fishing trip that the two had embarked upon the previous evening, and Smith began to insult and harass Cross. When Cross

---

[24] See *Haggard,* supra.

attempted to leave the lot, Smith followed him to his car and threatened him. Cross then shoved Smith to the ground and a minor scuffle ensued. Smith ultimately got into his truck and left.

A short time later, Smith returned to the lot brandishing a gun. He immediately got out of his vehicle and fired his gun into the air. Still carrying his weapon, Smith approached the other men at the lot and demanded to know where Cross had gone. Cross, who had been sitting in his truck preparing to leave, was afraid that Smith was going to hurt someone so he called out to Smith, "Here I am." Smith ran directly toward Cross and from a distance of approximately two or three feet, shot several rounds into the truck. One bullet struck Cross in the head and another struck him in the arm. Cross managed to exit his vehicle and hit Smith several times before leaving the scene.

1. Smith contends that there was insufficient evidence of his intent on both counts of aggravated assault. We disagree. Count 1 of the indictment charged Smith with aggravated assault for attempting to commit a violent injury to Cross by shooting him with a deadly weapon, in violation of OCGA § 16-5-21 (a) (2). Count 2 of the indictment alleged that Smith committed aggravated assault with a deadly weapon by committing an act which placed Cross in reasonable apprehension of immediately receiving a violent injury by shooting him, in violation of OCGA § 16-5-21 (a) (2).

The jury was authorized to infer that Smith intended to commit a violent injury upon Cross in view of the evidence showing that when Smith returned to the scene, he demanded to know Cross's location, and then walked directly up to Cross and shot him. *Smiley v. State*, 263 Ga. 716, 717 (2) (438 SE2d 75) (1994). See also *Cornelius v. State*, 273 Ga. App. 806, 807-808 (1) (616 SE2d 148) (2005). This same evidence was also sufficient to show that Smith intended to commit an act that placed Cross in reasonable apprehension of immediately receiving a violent injury. Not surprisingly, Cross testified that he was "terrified" when Smith approached him and began firing his weapon. Id.; *Head v. State*, 233 Ga. App. 655, 656 (1) (504 SE2d 499) (1998). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Smith guilty of aggravated assault as alleged in both counts of the indictment. *Jackson*, 443 U. S. 307.

However, as conceded by both the state and trial court at the sentencing hearing, the two counts of aggravated assault merge. *Montes v. State*, 262 Ga. 473, 474-475 (1) (421 SE2d 710) (1992). Notwithstanding that fact, the record reflects that judgment and sentence were entered by the trial court on both counts. Accordingly,

we vacate Smith's sentence and remand this case for resentencing in the discretion of the trial court. *Rhodes v. State*, 279 Ga. 587, 589 (2) (619 SE2d 659) (2005).

2. Smith contends that the trial court erred when it admitted three photographs of Cross's bullet wound to the head and two photographs of Smith's handgun, arguing that the photographs were repetitive and cumulative and therefore their probative value was outweighed by their unfair prejudicial impact on Smith. We disagree.

The admission of photographic evidence is within the discretion of the trial court. *Taylor v. State*, 271 Ga. 629, 630 (2) (523 SE2d 322) (1999). One of the photographs of Cross showed his entire head and face, and the other two were closeup shots depicting the entry and exit wound in his head. Likewise, one of the photographs of the weapon was from a distance, illustrating the area in which it was found, and the other was a closeup. These photographs were not cumulative, as they presented the evidence from different distances and vantage points in order to accurately depict the nature and location of Cross's wound and the location of the weapon when it was found.

Nonetheless, "[p]hotographs which are material and relevant to any issue are admissible even though they may be duplicative and inflame the jury." *Goss v. State*, 255 Ga. 678, 680 (1) (341 SE2d 448) (1986). Cross's injuries and the weapon used to inflict them were obviously relevant to the charges against Smith, and the trial court properly admitted these photographs into evidence. Id.

*Judgment affirmed in part, vacated in part and case remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 5, 2006.

*John T. Strauss, Teresa L. Doepke*, for appellant.

*W. Kendall Wynne, Jr.*, District Attorney, *David E. Boyle*, Assistant District Attorney, for appellee.