## A10A1698. PRESLEY v. THE STATE.
### (705 SE2d 870)

MIKELL, Judge.

Following a jury trial in 2006, Larry Presley was convicted of aggravated stalking and acquitted of making terroristic threats. Pursuant to the grant of an out-of-time appeal, Presley argues that his trial counsel rendered ineffective assistance and that the trial court's jury charge on aggravated stalking was unconstitutionally burden-shifting. We disagree and affirm.

1. Presley contends that the trial court erred in denying his motion for new trial on the ground that counsel was ineffective for failing to secure the attendance of a witness at trial and for failing to file a "proper" motion for a continuance.

In order to prevail on an ineffective assistance claim, "a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different."[1]

> To meet the first prong of the required test, the defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case.[2]

On appellate review, we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, while we independently apply the legal principles to the facts.[3]

Applying these guidelines, we hold that the trial court did not err in denying Presley's motion for new trial. Trial counsel testified at the new trial hearing that he had represented Presley on a 2004 case as well as the instant case; that they had made several court appearances on both cases; that when the 2004 case was dead-docketed, the 2006 case was placed on a trial calendar; that Presley told counsel, "don't worry about it. It's just like the 04 case, nobody is going to come to testify because I'm not guilty." After counsel emphasized that trial was imminent, Presley informed him about a witness. Counsel proceeded with Presley to the witness's work address and interviewed her. He did not have time to obtain and serve a subpoena that day, and trial began the next day. Counsel testified that the witness supported Presley's version of events, and she agreed to come to court. Counsel stated that he would give her a subpoena at that time.

When it became apparent that the witness would not appear voluntarily, counsel filed a motion for a continuance in open court when the case was called for trial, on October 10, 2006. The trial court denied the motion. On October 12, counsel renewed the motion, informing the court that he had been unable to subpoena the witness, that her testimony was critical, and that counsel required

---

[1] (Citation omitted.) *Coleman v. State*, 286 Ga. 291, 297 (6) (687 SE2d 427) (2009).

[2] (Citation and punctuation omitted.) *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

[3] Id. Accord *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

additional time to secure her attendance. The trial court did not grant this request. At the new trial hearing, counsel testified that the witness would have challenged the testimony of the victims to the extent that the verdict on the aggravated stalking charge may have been different. Presley testified that he did not know where the witness was located, and the witness did not testify at the hearing.

Examining counsel's conduct from his perspective at the time of the trial and under the particular circumstances of the case,[4] we conclude that Presley has not shown that trial counsel failed to exercise reasonable professional judgment in failing to secure the attendance of the witness. Counsel had already announced ready for trial based on Presley's assurance that no witness would come forward for the state, and Presley did not inform counsel of the witness's existence until the eve of trial. Counsel immediately proceeded to interview the witness but did not have sufficient time to procure and serve a subpoena before trial the next day. "A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight."[5] Moreover, Presley cannot demonstrate that his defense was prejudiced by counsel's failure to secure the witness's attendance at trial because the witness did not testify at the new trial hearing, and no substitute was offered for her testimony.[6]

Finally, Presley argues that counsel was deficient because his motion for continuance did not comply with OCGA § 17-8-25. As a result, Presley asserts that the denial of his motion was not preserved for appellate review. We note, however, that the statute requires that the motion show that the witness has been subpoenaed. As the witness in question had not been subpoenaed, counsel could not comply with the statute. In any event, "a motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion."[7] Presley has not shown that the trial court's denial of the motion for continuance was reversible error and has not demonstrated ineffective assistance of counsel.

---

[4] *Adams*, supra. See also *Savior v. State*, 284 Ga. 488, 492 (3) (668 SE2d 695) (2008).

[5] (Citation omitted.) *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).

[6] *Dickens v. State*, 280 Ga. 320, 322 (2) (627 SE2d 587) (2006). Compare *Richardson v. State*, 189 Ga. App. 113, 114 (375 SE2d 59) (1988) (prejudice shown where alibi witnesses testified at the new trial hearing that they were with defendant at the time of the armed robbery).

[7] (Citation and punctuation omitted.) *Gibbs v. State*, 213 Ga. App. 117, 119 (3) (443 SE2d 708) (1994).

2. Presley argues that the trial court's jury charge on aggravated stalking was unconstitutionally burden-shifting. We disagree.

A person commits the offense of aggravated stalking when such person, in violation of a . . . temporary protective order . . . , follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.[8]

After instructing the jury in accordance with the foregoing and defining the "harassing and intimidating" element of aggravated stalking, the trial court charged the jury as follows: "Georgia's aggravated stalking statute requires proof of a court order restricting contact by the defendant with the victim and a violation by the defendant of that order. The existence of a written order is presumptive evidence of notice to the defendant in an aggravated stalking case."

Presley contends that the second sentence unconstitutionally shifted the burden of proof to him. Presley, however, failed to object to this charge or reserve exceptions to the charge and has thus waived this claim for appellate review.[9] He relies on the exception to this rule for cases in which there is a substantial error in the charge that is harmful as a matter of law.[10] "Under this standard, a defendant must show that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial."[11] Presley has not made this showing. The record contains an ex parte temporary protective order issued against Presley, which was served on him personally by the sheriff's office, as well as a 12-month protective order issued against him following a hearing. A defendant's receipt of actual notice of the order is not an element of the offense of aggravated stalking, and even if it were, "proof of the written order alone is sufficient to prove notice to [the defendant] based on the presumption of regularity in judicial proceedings."[12] Based on the evidence in this case and the applicable law, the court's instruction that "the existence of a written order is presumptive evidence of notice to the defendant" was not harmful as a matter of law.

---

[8] OCGA § 16-5-91 (a).

[9] *Anderson v. State*, 262 Ga. 331, 332 (2) (418 SE2d 39) (1992).

[10] OCGA § 5-5-24 (c).

[11] (Punctuation and footnote omitted.) *Nichols v. State*, 288 Ga. App. 118, 120 (1) (653 SE2d 300) (2007).

[12] (Citations omitted.) *Revere v. State*, 277 Ga. App. 393, 395 (1) (b) (626 SE2d 585) (2006).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 5, 2011.

*Kenneth D. Kondritzer*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.