A11A1172. PHILPOT v. THE STATE.
(716 SE2d 551)

BARNES, Presiding Judge.

Tairon Cavada Philpot repeatedly stabbed the victim during a dispute in a store parking lot. A jury rejected her defense of justification and found her guilty of aggravated battery and aggravated assault. The trial court subsequently denied her motion for a new trial. On appeal, Philpot argues that the trial court erred in admitting two photographs of the victim's bandaged face because they were purportedly irrelevant, duplicative, and highly prejudicial. She further argues that her trial counsel was ineffective for failing to request a jury charge on the use of force in the defense of habitation under OCGA § 16-3-23. For the reasons discussed below, we affirm.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict." *Smith v. State*, 279 Ga. App. 211 (630 SE2d 833) (2006). So viewed, the evidence showed that on the evening of October 30, 2008, the female victim, along with her sister and other family members, went shopping for a Halloween costume for her son at a store in DeKalb County. The victim left the store and was walking back through the parking lot toward her car when a sport utility vehicle began pulling out of a parking space, nearly hitting her. The vehicle belonged to Philpot, who was riding in the passenger seat while her sister drove.

Following the near accident, the victim hit the back window of the sport utility vehicle with her hand and began yelling at Philpot and her sister. Philpot, who had rolled down the front passenger side window, called out, "[D]on't hit my car." The victim then approached the passenger window, and a heated verbal altercation ensued

between the two women. Philpot got out of the vehicle and continued to argue with the victim. As they argued, Philpot repeatedly told the victim, "I got something for you."

The victim's sister, who had walked ahead of the victim back to their own car, came back to see what was happening when she overheard yelling back and forth. At her sister's urging, the victim began walking away from the altercation back to her own car. Likewise, Philpot's sister convinced Philpot to start walking back to their vehicle.

As the victim was walking away, she spat on the ground. Philpot yelled, "[Y]ou just spit at me?" The victim responded, "Take it how you want." Philpot then ran toward the victim with a knife. The victim was unarmed. Philpot repeatedly stabbed the victim as they stood in the parking lot, cutting her in the face, neck, and the back of one of her arms. The victim ran around another parked car to get away from Philpot. After seeing the victim's face covered with blood, Philpot got back into her vehicle and drove away with her sister.

The victim was transported to the hospital, where she received a total of 55 stitches to close her wounds. The victim has permanent scars caused by the wounds inflicted by Philpot.

Based upon the tag number of the sport utility vehicle that had been provided to them, two detectives went to Philpot's home later that night. She spoke with the detectives after being advised of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Philpot admitted that she had stabbed the victim after she "lost it," and she led the detectives to the knife which she had placed in her carport.

1. The victim, her sister, and one of the detectives assigned to the case testified on behalf of the State at trial. Their testimony was more than sufficient to authorize a rational jury to find Philpot guilty beyond a reasonable doubt of aggravated battery and aggravated assault and to reject her affirmative defense of justification. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-5-21 (a) (2); 16-5-24 (a).

2. Philpot argues that the trial court erred in admitting two photographs of the victim that depicted bandages on her face and neck during her hospitalization. She contends that the photographs were irrelevant because they did not demonstrate the location or severity of the victim's wounds, and that they were duplicative of other properly admitted photographs. As such, Philpot maintains that the probative value of the photos was outweighed by their improper prejudicial effect. We are unpersuaded.

"The admission of photographic evidence is within the discretion of the trial court." *Smith*, 279 Ga. App. at 213 (2). And "[p]hotographs which are material and relevant to any issue are

admissible even though they may be duplicative and inflame the jury." (Citation and punctuation omitted.) *Boddy v. State*, 265 Ga. 498, 499 (2) (458 SE2d 630) (1995). Here, contrary to Philpot's assertion, the two photographs of the victim's bandaged face and neck were material and relevant to show the extent and severity of the injuries that she suffered, and the trial court thus was well within its discretion in deciding to admit them.[1] See *Stokes v. State*, 204 Ga. App. 586, 586-587 (1) (420 SE2d 84) (1992). See also *Lacey v. State*, 288 Ga. 341, 345 (4) (b) (703 SE2d 617) (2010) (photographs of victim in hospital after attack were directly relevant and admissible in aggravated assault trial); *Brown v. State*, 258 Ga. App. 78, 81 (3) (573 SE2d 110) (2002) (evidence regarding the effects of the injury on the victim were relevant in aggravated assault trial).

3. Philpot also argues that she was entitled to a new trial because her trial counsel rendered ineffective assistance. She maintains that her trial counsel was deficient in failing to request a jury instruction on the use of force in defense of habitation under OCGA § 16-3-23 because there was evidence that her use of the knife was in reaction to an attack by the victim upon her vehicle in the parking lot.[2] We disagree.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome

---

[1] Alternatively, we note that any objection to the admission of the photographs on the basis of materiality and relevance has been waived by Philpot for failure to assert that basis of objection at trial. See *Morrison v. State*, 256 Ga. App. 23, 25 (2) (567 SE2d 360) (2002).

[2] OCGA § 16-3-23 provides:

A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation; however, such person is justified in the use of force which is intended or likely to cause death or great bodily harm only if:

(1) The entry is made or attempted in a violent and tumultuous manner and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence;

(2) That force is used against another person who is not a member of the family or household and who unlawfully and forcibly enters or has unlawfully and forcibly entered the residence and the person using such force knew or had reason to believe that an unlawful and forcible entry occurred; or

(3) The person using such force reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony.

"Habitation" is statutorily defined to include a "motor vehicle." OCGA § 16-3-24.1.

of the proceedings would have been different, but for counsel's deficiency. If the defendant cannot satisfy either of the two prongs of the *Strickland* test, his ineffective assistance claim fails.

(Citation and punctuation omitted.) *Martinez v. State*, 303 Ga. App. 166, 171-172 (4) (692 SE2d 766) (2010). In reviewing an ineffective assistance claim on appeal, "we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, while we independently apply the legal principles to the facts." *Presley v. State*, 307 Ga. App. 528, 529 (1) (705 SE2d 870) (2011).

Applying these guidelines, we conclude that the trial court did not err in denying Philpot's motion for new trial on the ground of ineffective assistance. While slight evidence will support the giving of a jury instruction, *Lewis v. State*, 292 Ga. App. 257, 264 (2) (663 SE2d 721) (2008), there was no evidence in this case to support an instruction on defense of habitation pursuant to OCGA § 16-3-23. Timing is critical to the application of the defense of habitation: "Where there is no evidence that the victim was attempting to enter or attack the habitation *at the time he was injured by the defendant*, the defense of habitation is not available." (Emphasis supplied.) *Coleman v. State*, 286 Ga. 291, 298 (6) (687 SE2d 427) (2009). See *Kendrick v. State*, 287 Ga. 676, 679-680 (3) (699 SE2d 302) (2010). That is the situation here. The uncontroverted evidence showed that Philpot stabbed the victim after she spat on the ground while both women were standing in the store parking lot; there was no evidence that the victim was attempting to unlawfully enter or attack Philpot's vehicle at the time of the stabbing. Under these facts, there could be no reasonable belief that stabbing the victim was "necessary to prevent or terminate the other's unlawful entry into or attack upon a motor vehicle," and thus no basis for an instruction on defense of habitation. *Kendrick*, 287 Ga. at 680 (3).

Because there was no basis for an instruction on defense of habitation, Philpot's trial counsel did not perform deficiently in failing to request it. *Coleman*, 286 Ga. at 298 (6) (a). See *Goings v. State*, 265 Ga. App. 296, 299 (4) (593 SE2d 751) (2004) (noting that "the failure to request a meritless jury instruction cannot demonstrate ineffective assistance of counsel"). Accordingly, the trial court did not err in finding that Philpot had failed to carry her burden of proving ineffective assistance of counsel. *Coleman*, 286 Ga. at 298 (6) (a). Compare *Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004) (trial counsel was ineffective for failing to request an instruction on defense of habitation, where there was evidence that the defendant slashed the victim with a box cutter while the victim was attacking

the defendant through a car window).
*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED AUGUST 24, 2011.

*Hall & Hirsh, Daniel M. Hirsh*, for appellant.
*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.