**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 23, 2012**

# In the Court of Appeals of Georgia

A12A1152. ADCOCK v. THE STATE.

MCFADDEN, Judge.

John T. Adcock was convicted of criminal attempt to commit murder, two counts of aggravated assault on a peace officer, four counts of aggravated assault, aggravated battery, three counts of criminal damage to property, and possession of a firearm during the commission of a crime. He appeals the denial of his motion for new trial, arguing that the trial court erred by failing to charge the jury on justification and by failing to conduct a pre-trial hearing on his claim of immunity. Because no evidence supported a justification charge and because the trial court's failure to conduct an evidentiary hearing before ruling on the claim of immunity was not reversible error, we affirm Adcock's convictions.

In April 2008, Beau Weathers, a civilian code enforcement officer, notified Adcock that his property was in violation of the municipal code. Weathers gave Adcock 15 days to correct the violations by cleaning up his property and by bringing his vehicles into compliance with the code. He told Adcock that he would return in 15 days with tow trucks. Adcock replied that Weathers was not going to tow the vehicles.

Weathers returned to the property on April 23, and shortly afterward was joined by Charles William Capps, Jr., a captain with the Warner Robins Police Department, and three tow truck drivers. Weathers and Capps discussed Adcock's failure to correct the code violations with Adcock in his front yard. At some point, Adcock walked to his front door, opened the screen door, and retrieved a shotgun. Adcock began firing toward Weathers, Capps and the tow truck operators. He then began shooting with a semiautomatic weapon, even as other officers arrived on the scene. In the course of his shooting, Adcock hit Weathers in the shoulder, arm and face, and damaged the three tow trucks. Neither Weathers nor Capps had threatened Adcock or pointed a gun at him; Weathers did not even carry a weapon.

1.      Adcock argues that the trial court should have instructed the jury on the justification defenses of self-defense, defense of habitation and defense of property.

He correctly asserts that "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." (Citations omitted.) *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). "Here, contrary to [Adcock's] assertion, the evidence did not support a charge on justification." (Citation omitted.) *Morgan v. State*, 303 Ga. App. 358, 360 (1) (693 SE2d 504) (2010).

There was no evidence of any imminent threat of harm that would justify Adcock's use of force under OCGA § 16-3-21 (a); no evidence of an unlawful entry into Adcock's habitation that would justify his use of force under OCGA § 16-3-23; and no evidence of tortious or criminal interference with Adcock's real or personal property that would justify his use of force under OCGA § 16-3-24. The trial court did not err in refusing to instruct the jury on justification. See *Hicks v. State*, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010) ("Because no construction of the evidence would support a finding that appellant shot in self-defense, the trial court properly refused to charge on that issue.") (citations and punctuation omitted); *Reese v. State*, 289 Ga. 446, 447-448 (2) (711 SE2d 717) (2011); *Fair v. State*, 288 Ga. 244, 254 (2) (A) (702 SE2d 420) (2010) ("[G]enerally the use of force in defense of habitation is justified only where there is an *unlawful* entry.") (emphasis in original); *Powell v. State*, 154

Ga. App. 568, 570 (2) (269 SE2d 70) (1980) (no need to charge on justification when the evidence did not show that the force defendant used was necessary to prevent or terminate a trespass or other tortious or criminal interference with property).

Although Adcock indicated that he believed that Weathers and Capps were "stealing" his vehicles, that belief was unfounded. And by their terms, the three defenses require that the defendant *reasonably* believes that such threat or force is necessary. See *Boyd v. State*, 284 Ga. 46, 49 (4) (663 SE2d 218) (2008) (in absence of evidence showing reasonable belief on defendant's part that wielding a knife in a manner likely to cause death or great bodily harm was necessary in order to prevent his own death or great bodily injury, court did not err in refusing to give requested charge on OCGA § 16-3-21 (a) justification); *Philpot v. State*, 311 Ga. App. 486, 489 (3) (716 SE2d 551) (2011) (under the facts, "there could be no reasonable belief that stabbing the victim was necessary to prevent or terminate the other's unlawful entry into or attack upon a motor vehicle, and thus no basis for an instruction on defense of habitation" under OCGA § 16-3-23) (citation and punctuation omitted). The trial court therefore did not err in refusing to charge justification.

2.     Adcock argues that the trial court erred by failing to conduct a hearing before trial on his claim of immunity to prosecution based on the affirmative

4

defenses. In *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008), our Supreme Court held that a trial court must rule on a motion for immunity before trial. Conceding that no authority requires a trial court to conduct an evidentiary hearing before ruling on an immunity claim, Adcock nonetheless argues that the trial court's failure to conduct such a hearing was reversible error.

Pretermitting whether the failure to conduct such a hearing could ever constitute reversible error, we have no trouble in concluding that it did not constitute reversible error here. Because Adcock chose to represent himself, the trial court conducted multiple hearings before trial. Several of these hearings involved Adcock's claim that the state had failed to provide discovery. In response to Adcock's concerns, the trial court directed the state to submit all discovery to the court as well as to Adcock. The trial court reviewed the discovery in the course of resolving Adcock's claims and therefore was familiar with the facts of the case. The court engaged in colloquy with Adcock because of his self-representation and became familiar with his contentions regarding justification. Therefore, when the court denied Adcock's motions for immunity before trial, it was familiar with the factual basis of the claims. Additionally, although Adcock requested a pretrial ruling on his immunity claim, he never requested an evidentiary hearing. And, in any event, given the absence of

evidence to support the justification defenses, Adcock's claim of immunity is baseless, and any error in failing to conduct an evidentiary hearing did not harm him.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*