**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 24, 2012**

# In the Court of Appeals of Georgia

A12A1391. ANDRADE v. THE STATE.

ADAMS, Judge.

Eliborio Andrade was tried by a jury and convicted of participating in criminal street gang activity and affray. He was sentenced to fifteen years, five in custody and the remainder on probation. On appeal, he claims that the indictment was void and that his trial counsel was ineffective for failing to have the jury instructed on the defense of habitation. Because the indictment claim is not properly before us and the habitation defense was not applicable, we affirm.

The evidence, viewed in the light most favorable to the verdict, showed that on June 12, 2010, Wilson Almendares, a gang member, was at his cousin Vidal Romero's house, where they had been drinking all night. When he began to drive home at approximately 2:00 the next morning, a car full of men whom he believed

belonged to a rival gang followed him. He then went back to Romero's apartment and told him what had happened. They got into Romero's van along with Jairo Quintana and headed to Atlanta Street, where he believed the rival gang members had gone. On the way, he called Andrade and told him what they were doing. They picked up Andrade and Juan Villanueva, who were also gang members according to Almendares. At about 5:00 a.m., they decided to head home.

Romero drove his van back toward his apartment, but before they could get there, another car pulled in front of them and blocked their path. Romero recognized the driver of the car, Daniel Adame, and got out to tell him they did not want any trouble. By that time, everyone had exited the vehicles and begun fighting. According to Romero, who did not participate in the fighting, the groups attacked each other; no one group was the aggressor. After the fighting began, Almendares was cut in the face with a broken glass bottle, and rocks were thrown at Romero's vehicle. In a statement to Gainesville police, Andrade stated that during the fight, he exchanged blows with Adame and a guy nicknamed Boogie, both members of the rival gang. Andrade said that he retreated to the van after being hit by a rock.

After a few minutes of fighting, Villanueva, Andrade and Almendares got back into Romero's van to leave. While trying to drive away, they hit the car blocking their path and ran over Adame and Boogie. Adame died from his injuries.

Andrade was charged with participating in criminal street gang activity and affray for his involvement in the fight. He was not charged for Adame's death.

1. Andrade asserts for the first time on appeal that the indictment is void because it fails to state every essential element of the crime of participation in criminal street gang activity. Specifically, he claims that the indictment lacks a necessary allegation – by committing the act of affray, he intended to further street gang activity.

A general demurrer challenging the validity of the indictment may be raised at any time, but not in any proceeding. *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000).

> After a defendant has been convicted under the indictment and judgment has been entered on the conviction, the indictment may be challenged in a motion in arrest of judgment, which "asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime."

3

*Fleming v. State*, 276 Ga. App. 491, 494-495 (2) (623 SE2d 696) (2005). Andrade's argument that the indictment failed to allege the essential elements of participation in criminal street gang activity would have been cognizable as a motion in arrest of judgment. But a motion in arrest of judgment must be filed within the same term of court in which the judgment was entered, and therefore, Andrade's motion is untimely. *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008).

"[W]hen a claim that an accusation or indictment is absolutely void is not properly asserted in the trial court, it can be reviewed on appeal only through a habeas corpus proceeding." *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998). Andrade's claim, however, cannot be construed as a habeas petition because it was not filed in the county where he is incarcerated, but the county where he was convicted and sentenced. *Grogan v. State*, 297 Ga. App. 251, 253 (676 SE2d 764) (2009). "The issue of whether the indictment underlying appellant's conviction was void must await determination until such time as appellant avails himself of the proper procedures for attacking the conviction on that basis." (Citation and punctuation omitted.) *McKay*, supra at 560.

2. Andrade claims that his trial counsel was ineffective for failing to insist that the trial court charge the jury on the defense of habitation. Although trial counsel

4

submitted a request to charge on habitation, he conceded during the charge conference that it was not warranted by the evidence. At the motion for new trial hearing, trial counsel confirmed his position that the facts did not justify the charge.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency. If the defendant cannot satisfy either of the two prongs of the Strickland test, his ineffective assistance claim fails.

(Citation and punctuation omitted.) *Philpot v. State*, 311 Ga. App. 486, 488-489 (3) (716 SE2d 551) (2011). On appeal of an ineffective assistance claim, "we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, while we independently apply the legal principles to the facts." (Citation and punctuation omitted.) Id.

Andrade argues that his trial counsel's performance was objectively unreasonable because the habitation charge was justified by the evidence and he should not have abandoned it. The statute at issue provides in pertinent part that

5

[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation.

OCGA § 16-3-23.[1] A habitation is defined to include a motor vehicle. OCGA § 16-3-24.1.

Andrade argues that he was entitled to the charge because (1) the forcible stop of the van was an attack upon the van and (2) the approach of rival gang members allowed him to use reasonable force to prevent an attack on the van. Although a "defendant is entitled to a jury charge on a subject as long as there is slight evidence to support it," *Lewis v. State*, 292 Ga. App. 257, 264 (2) (663 SE2d 721) (2008), there was no evidence to support the habitation charge here.

Even assuming that by stopping their car in front of the van, without making any contact, the rival gang members perpetrated an "attack" on the van as contemplated by OCGA § 16-3-23, the facts do not justify the charge. Timing is crucial to the defense of habitation. See *Coleman v. State*, 286 Ga. 291, 298 (6) (687 SE2d 427) (2009). Where there are no threats upon the vehicle at the time the

---

[1] The remainder of the statute addresses the use of force intended or likely to cause death or great bodily harm and is not at issue here.

defendant uses force against another, the defense of habitation is not available. *Wike v. State*, 262 Ga. App. 444, 445 (585 SE2d 742) (2003). The evidence showed that Andrade exited the van and began fighting after the van had stopped, at a time when no attack was even arguably being made on the van.

Andrade also asserts that the approach of rival gang members entitled him to use reasonable force to prevent an attack upon the van. Because there was no evidence that those gang members were attempting to enter or attack the van at the time Andrade began fighting, the habitation defense was not available. *Philpot*, supra at 489. Once the van stopped, both groups got out of their vehicles and began fighting. The rocks were thrown at the van and Andrade's group after the fighting began, not before. Andrade's use of force was therefore not justified by any reasonable belief that it was necessary to prevent an attack upon or entry into the van. See *Adcock v. State,* ___ Ga. App. ___ (1) (731 SE2d 365) (2012) (defendant must *reasonably* believe that force is necessary to prevent or terminate unlawful entry into or attack upon a motor vehicle).

Because the trial testimony did not provide the slight evidence necessary to support an instruction on the defense of habitation, Andrade's counsel did not perform deficiently by failing to insist that it be given. See *Coleman*, supra at 298 (6)

7

(a); *Mays v. State*, ___ Ga. App. ___ (1) (730 SE2d 651) (2012); *Philpot*, supra. Thus, "the trial court did not err when it determined that [Andrade] had not carried his burden of proof on his claim of ineffective assistance of counsel." *Coleman*, supra.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*